FREDERICK R. LEYLAND *vs.* HENRY E. PINGREE.

Suffolk.   Nov. 20, 1882. — March 1, 1883.   DEVENS & HOLMES, JJ., absent.

Under the 37th rule of the Superior Court, the mere handing to the judge presiding at the trial of written requests for instructions, does not necessarily imply that, if the requests are not granted, an exception is saved.

PETITION to establish the truth of exceptions alleged by Frederick R. Leyland in an action of tort brought against him by Henry E. Pingree, and disallowed by *Aldrich*, J.

The petition alleged, among other things, that, upon the trial of the case, the petitioner requested the presiding judge to instruct the jury that, upon all the evidence, the plaintiff could not maintain his action, and also presented to the judge certain requests in writing for rulings and instructions to the jury (which were set forth); that the said requests were handed to the judge by one of the petitioner's counsel, while the other was making his closing argument to the jury; that they were not shown to the plaintiff's counsel; that nothing was said about them to the counsel or to the jury by the judge; that the judge did not otherwise refuse to instruct the jury in accordance with said requests, than is to be implied from his omission, in the instructions actually given, to give the instructions requested or

equivalent instructions; that no exception was otherwise saved in relation to said requests before the charge to the jury, or otherwise alleged before verdict, in respect to any omission to instruct the jury in accordance with said written requests.

The certificate of the judge attached to the bill of exceptions was as follows:

" The foregoing written requests for rulings were handed to the court by one of the defendant's counsel, while the other was making the closing argument to the jury; but they were not shown to the plaintiff's counsel, and they had no knowledge of them until after verdict. The court instructed the jury as stated in the defendant's bill of exceptions, but made no allusion to the defendant's written requests for rulings. No exceptions were taken to the instructions given, or to the omission to give others; nor were any questions or exceptions saved in relation to the defendant's written requests for rulings previous to the charge to the jury, or alleged before the jury were sent out, nor until after the rendition of the verdict. Upon this state of facts, I allow the defendant's exceptions to the refusal of the court to rule that the plaintiff could not, upon the evidence, maintain his action, and disallow all his other exceptions."

*W. G. Russell & L. S. Dabney*, for the petitioner. 1. The petitioner is entitled to have that portion of his bill of exceptions allowed which has been disallowed by the presiding judge, provided the same is truly alleged, unless, upon the facts alleged in his petition and stated in the certificate of the judge, the fair construction to be given to the 37th rule of the Superior Court * affords lawful ground for depriving him of this right. It is implied in the language of this rule that exceptions to the charge may be saved before the charge is given, because they are required to be alleged before the jury are sent out only in case they have not been previously saved. By the common understanding and practice under the rule, the method for previously

---

* This rule is as follows: " No exception shall be allowed by the presiding judge, unless the same be alleged and saved at the time when the opinion, ruling, direction or judgment excepted to is given. And all exceptions to any charge to the jury shall, unless previously saved, be alleged before the jury are sent out; and if not so alleged, the same shall not be allowed. All requests for instructions shall be made in writing."

saving them has been to hand to the judge requests in writing for instructions. It is equivalent to saying to the judge, " I ask you thus to instruct the jury, and, if you do not, I wish to save an exception to your refusal." If the judge neither consents nor refuses in terms to instruct the jury as requested, an omission to give an instruction so requested, or equivalent instructions, is an implied refusal, and the exception to it is "previously saved " by the written request. The judge is not bound to consent or decline in terms to give the rulings requested. The refusal by implication is established only when the charge is concluded; and, unless the exception to such refusal is " previously saved " by the written request, it cannot be " previously saved " at all. The only remedy then for the party is to have the jury detained while he complains to the judge of his charge, and alleges exceptions to the judge's express or implied refusal to rule as he has asked, thereby making the jury certain that the charge is against him. By such a construction of the rule, no way of excepting to a refusal implied from an omission to charge in conformity with his written request is left to the party, save one which greatly diminishes the probability of a verdict in his favor. No decided case has established such construction, and the fair inference to be drawn from *Sawyer* v. *Yale Iron Works*, 116 Mass. 424, is in favor of the petitioner. Written requests for instructions are addressed and handed to the presiding judge. Whether they shall be submitted to the other party is a matter within the control of the judge, and not of the party making them.

2. The rule is not so clear, that, in the absence of authoritative construction, it ought to be allowed to deprive a party of an exception which he intended to take and supposed he had taken.

*B. F. Butler*, (*A. Cottrell* with him,) for the respondent.

MORTON, C. J. There is no dispute in this case that the facts are as stated in the certificate of the presiding justice of the Superior Court. At the trial, the defendant asked the court to rule that, upon the evidence, the plaintiff could not maintain his action. This ruling was refused, and an exception duly saved. One of the defendant's counsel, while the other was making his closing argument to the jury, handed to the presiding justice several written requests for rulings; they were not

shown to the plaintiff's counsel, who had no knowledge of them until after the verdict. The judge, in charging the jury, gave instructions upon the subject matters embraced in the requests, but differing in language and in substance from the requests. The certificate states that "no exceptions were taken to the instructions given, or to the omission to give others; nor were any questions or exceptions saved in relation to the defendant's written requests for rulings previous to the charge to the jury, or alleged before the jury were sent out, nor until after the rendition of the verdict." The 37th rule of the Superior Court is binding upon a presiding judge, and he cannot properly allow any exceptions unless they are in some way alleged and saved in accordance with its requirements.

The form in which exceptions are saved is of no consequence. If expressly saved, of course they must be allowed. It very often happens in trials, that counsel and the judge understand that the purpose of the counsel is to save exceptions, although not alleged in express language. Whatever form may be used, if the counsel and the judge both understand that exceptions are saved, the judge may and should allow such exceptions under the rule. But, in the case before us, the presiding judge certifies that the exceptions sought to be proved were not alleged and saved at any time before the verdict of the jury. This imports that the judge did not understand, from what took place at the trial, that the defendant's counsel saved any exceptions except the one he has allowed. This certificate, not being controlled, is conclusive, unless the defendant can maintain the proposition that what took place at the trial was, as matter of law, a du_ saving and alleging of his exceptions.

The defendant contends that the mere handing to the judge, of a written request for instructions necessarily implies that, if it is not granted, an exception is saved. We are not able to see why this act carries such an implication, any more than why the act of objecting to evidence implies an exception if it is admitted. It is the experience of every day in the trial of cases, that evidence is objected to, and admitted against the objection, but no exception is taken; in such case no exception is implied, and a judge cannot allow one, unless it is distinctly alleged. The objection furnishes ground for an exception. It

is not in itself an exception. We think it is the same with written requests for instructions.

The object of the 37th rule is to require a party, if he objects to the charge and wishes to except to any part of it, either because it is not according to his requests or for any other reason, to allege his exceptions before the jury are sent out, either before or after the charge. This is a right of the judge. It often happens that a judge intends to give, in his own language, the substance of instructions requested, either in full, or with some modifications which are clearly right. If the parties take no exception, he has the right to assume that they are satisfied with the charge, on the other hand, if a party alleges an exception to it, it will often furnish an opportunity to correct any inadvertent expression or unintentional error. The opposite party has the right to have any exceptions so alleged that he may know what exceptions are taken. He can often, by concession, save some question of law, difficult and doubtful, but which has no practical importance in the case as it stands.

In the case before us, the defendant did, before the charge, allege one exception, which the presiding justice has allowed. We are of opinion that, if he intended to except to the charge because it did not conform to his requests for instructions, it was his duty in some form to allege exceptions, either before or after the charge; and that, not having done so, he cannot rely upon the exceptions which by this petition he seeks to prove.

The result is, that the petition must be dismissed, and the case must be heard upon the exceptions allowed by the presiding justice of the Superior Court.          *Petition dismissed.*