ALMON THWING & another *vs.* ALONZO P. CLIFFORD.

Suffolk. Jan. 9. — Feb. 2, 1884. DEVENS & HOLMES, JJ., absent.

At the trial of an action, the defendant's counsel, at the beginning of his argument to the jury, verbally requested the judge to give a certain instruction. The judge at that time did not indicate what his ruling would be, but, during his charge, stated to the jury the instruction asked for by the defendant, and said, "I shall not give such instruction," and then instructed the jury otherwise. The counsel did not say to the judge that he excepted; but, after a verdict for the plaintiff, and within the time allowed for filing exceptions, caused a bill of exceptions to be filed and presented to the judge, who allowed it. *Held,* that it must be assumed, from the fact that the judge allowed the bill of exceptions, that he understood that the defendant's counsel excepted to the refusal to instruct the jury as requested, and to the instructions given; and that this was sufficient.

If A. is employed as a broker to sell B.'s house, on the agreement that he will inform B. if he sends a purchaser, and A. and C. then agree that, if C. will procure a purchaser, he shall share with A. in the commission, and C., on going to look at the house, tells B. that no broker has anything to do with the trade, and a price is named on that understanding, and the house is bought by a purchaser procured by C., A. and C. are partners in the business of effecting a sale of B.'s house to such purchaser; and C.'s fraud, though not participated in by A., will bar an action by A. against B. for the commission, prosecuted for the joint benefit, and at the joint expense, of A. and C.

CONTRACT on an account annexed for advertising and selling a lodging-house. Trial in the Superior Court, before *Barker*, J., who allowed a bill of exceptions, in substance as follows:

There was evidence tending to show that the plaintiffs were employed as brokers by the defendant; that they agreed to inform the defendant if they sent a purchaser, and advertised the premises, and in consequence one Ellis went to the plaintiffs' office and told them he wanted such premises for a friend; that after some conversation the plaintiffs informed Ellis about the premises, and then agreed with him that, if he got his friends to purchase the place, he should have part of the commission; that the plaintiffs gave Ellis their business card, and Ellis went to examine the place, which was shown him by the defendant, and then arranged that he would send for a Mr. and Mrs. Platt, who were the persons who wanted the place; and that Ellis told the defendant that no broker had anything to do with the trade, and on that understanding a price was named.

There was also evidence tending to show that Ellis told the defendant that he came from the plaintiffs; and that other parties were sent to the defendant by the plaintiffs.

Mr. and Mrs. Platt purchased the premises; and the plaintiffs brought suit, with an agreement with Ellis that he would bear his share of the expense of the suit.

The defendant asked the judge to rule that, if the jury believed that Ellis told the defendant that he came from no broker, or that no broker had anything to do with it, then the relation of the parties was such, by reason of the agreement to share the commissions, that the plaintiffs could not claim a commission. The judge refused so to rule, but instructed the jury that it was for them to say whether Ellis was in the employ of the plaintiffs, and was their agent to such an extent that his statements, made to the defendant, would be binding upon the plaintiffs; but that, if Ellis was not in the employ of or an agent for the plaintiffs, his statement to the defendant that no broker had anything to do with the matter would not prevent the plaintiffs from recovering, although they had agreed with Ellis to give him a share of the commission if a sale should be made to Mr. and Mrs. Platt.

The defendant's counsel, at the beginning of his argument to the jury, requested, verbally, the judge to instruct the jury as above stated. The judge at that time did not indicate what his ruling would be, but during his charge stated to the jury the instruction asked for by the defendant, and said, " I shall not give such instruction," and then proceeded to give the instruction as stated. The defendant's counsel did not say to the judge that he excepted; but, after the verdict and within the time allowed for filing exceptions, caused this bill of exceptions to be filed and presented to the judge.

*L. M. Child*, for the defendant.

*D. F. Crane*, for the plaintiffs.

COLBURN, J. No particular form in alleging and saving exceptions is required. If the court understands that counsel except to a ruling, or refusal to rule, a refusal of instructions, or instructions given to a jury, it is sufficient. *Leyland* v. *Pingree*, 134 Mass. 367. The danger in not taking an exception expressly and formally is, that the judge may not

understand that counsel intends to except, and thus the exception be lost.

In the present case, we must assume, from the fact that the judge allowed the exceptions, that he understood the counsel of the defendant excepted to his refusal to instruct the jury as requested, and to the instruction given.

Although it does not appear from the bill of exceptions, as it should, that the verdict was against the defendant, the record of the case which is sent up shows that to have been the fact.

We understand from the bill of exceptions that it was not controverted that it was agreed between the plaintiffs and Ellis, that, if he succeeded in getting his friends to purchase the place, he should share in the commissions they were to receive from the defendant, or that this suit is prosecuted for the joint benefit, and at the joint expense, of the plaintiffs and Ellis. These being the facts, the plaintiffs and Ellis were partners as to the business of effecting a sale of the defendant's premises to Mr. and Mrs. Platt, and the commissions for which this action is brought were the profits of the business. Lindley on Part. (4th ed.) 19, 20, 55.

There was evidence tending to show that Ellis told the defendant that no broker had anything to do with the trade, and that a price was named on that understanding. If this evidence was believed, a direct fraud was practised upon the defendant, for the purpose of effecting a sale which was to result in commissions in which the plaintiffs and Ellis were to share as partners; and this fraud would prevent a recovery in this action, though the plaintiffs did not participate in it.

The jury should have been instructed substantially as requested by the defendant.                    *Exceptions sustained.*