NEWTON C. BOUTELLE *vs.* DAVID DEAN.
EDWARD P. WASHBURN *vs.* SAME.

Bristol.    October 25, 1888. — November 28, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Exceptions — Waiver.*

At the trial of an action, the plaintiffs' counsel, before the closing arguments, handed
to the judge many written requests for rulings, stating that he wished to except
if they were not granted, but the attention of the defendant's counsel was not
called to them by him or by the judge, who said, " I think I will charge the jury,
and if I do not cover your requests, you can call my attention to the rulings to
which you wish to except," to which remark the plaintiffs' counsel assented,
after the charge neither taking exceptions nor suggesting any dissatisfaction
with it. *Held*, that no exceptions were properly saved at the trial.

TWO ACTIONS OF TORT for the conversion of certain arti-
cles of personal property.   The cases were tried together in the
Superior Court, before *Thompson*, J., who, after a verdict in
each case for the defendant, made upon a bill of exceptions
presented to him by the plaintiffs for allowance the following
indorsement: " If the exceptions alleged in the plaintiffs' bill
were duly saved, then the same are hereby allowed."   This
bill, after reciting the evidence introduced at the trial, set out
numerous requests in writing for instructions to the jury, which
the plaintiffs requested the judge to give, but which the judge
refused to give, except so far as they were covered by the in-
structions given, and proceeded as follows:

" The plaintiffs' counsel, before the closing arguments, handed
to the court the requests for ruling set forth in the plaintiffs'
bill of exceptions, but the attention of the counsel for the de-
fendant was not called to them either by the court or the plain-
tiffs' counsel.   When the presiding justice arose to charge the
jury, he said to the counsel for the plaintiffs in substance as fol-
lows: 'I think I will charge the jury, and if I do not cover
your requests, you can call my attention to the rulings to which
you wish to except.'   And the counsel for the plaintiffs mo-
tioned with his head assent thereto, and no suggestion was made
that the plaintiffs' counsel was not satisfied with the charge.

The counsel for the plaintiffs has stated to the court that, when he handed his requests to the court, he said, ' I wish to.except to the failure of the court to rule as requested.' The court has no recollection of the plaintiffs' counsel saying anything to him when he handed to him his requests, but will not say that such words were not used by the plaintiffs' counsel."

*S. M. Thomas*, for the plaintiffs.

*J. Brown*, for the defendant, was not called upon.

MORTON, C. J. No exceptions were properly saved at the trial. The plaintiffs' counsel, before the closing argument, handed to the court a paper containing many requests for rulings, but the attention of the defendant's counsel was not called to them either by the court or by the plaintiffs' counsel. The presiding justice said to the plaintiffs' counsel, " I will charge the jury, and if I do not cover your requests, you can call my attention to the rulings to which you wish to except." The plaintiffs' counsel assented to this, and after the charge he took no exceptions, and made no suggestion that he was not satisfied with it. He thus waived any exceptions to the charge. If it did not cover his requests, it was his duty to call the attention of the court to such parts of it as he excepted to. It is not material whether he stated to the judge, when he handed to him the requests, that he wished to except if they were not granted.

The course pursued by the presiding justice was reasonable and proper, designed and calculated to promote the orderly and fair administration of justice, and to secure the rights of both parties. By his assent to it, the plaintiffs' counsel waived any exceptions to the charge, although he may have previously said that he wished to except ·if his requests were not granted. It was his duty, in fairness to the court and to the other side, to point out the particulars in which he was dissatisfied with the charge, thus giving the court an opportunity to correct any unintentional error, and enabling the other party to know what exceptions were taken, and perhaps, by concession, to save some doubtful question of law which has no important bearing in the case. *Ela* v. *Cockshott*, 119 Mass. 416. *Leyland* v. *Pingree*, 134 Mass. 367. *McMahon* v. *O' Connor*, 137 Mass. 216. *Bonino* v. *Caledonio*, 144 Mass. 299.      *Exceptions dismissed.*