## H. B. McCOUBREY *vs.* GERMAN AMERICAN INSURANCE COMPANY OF NEW YORK.

Suffolk. November 12, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

In an action on a policy of fire insurance, where the defence relied on was an attempt to defraud the defendant by means of a false sworn statement of loss, the plaintiff requested the presiding judge to instruct the jury that the burden of proof was on the defendant to prove fraud. The judge among other instructions gave the following : "Now I instruct you that under those circumstances the burden of proof is upon the party defendant to establish the fact that there were false and fraudulent representations made, and that they were made in an attempt to defraud the company." The charge closed with these words : "and so you will take all the evidence and say whether or not on the matter it is fairly proved that there was this fraudulent purpose on the part of the plaintiff, it being for the defendant to prove it." *Held,* that the request was covered by the instructions given.

CONTRACT, on a policy of insurance against fire. Writ dated September 12, 1898. The amount of the policy was $1,500, of which $500 was on machinery, tools, and fixtures, and $1,000 on stock in trade. The answer alleged that after the fire the plaintiff attempted to defraud the company "by stating in writing to the defendant that property of the plaintiff largely in excess of the property actually destroyed by said fire had been destroyed" and that the policy thereby became void. At the trial in the Superior Court, before *Hopkins,* J., the following facts appeared :

The insured property was damaged by fire on January 21, 1898, and on April 7, 1898, a statement signed and sworn to was submitted by the plaintiff to the defendant. The statement was accompanied by a list of items of goods alleged to have been destroyed, and the value claimed thereon, which amounted in all to $1,756.46.

The parties were unable to agree upon the amount of the loss, and the matter was submitted to three referees as required by the policy. The referees had before them a copy, furnished and sworn to by the plaintiff, of the statement and schedule which the plaintiff had submitted to the defendant, and found the loss to be $1,057, which the defendant declined to pay.

The defendant offered evidence tending to show that the total value of the insured property at the time of the fire was known to the plaintiff not to exceed $500 or $600, and tending to show that the plaintiff inserted in his schedule accompanying and made part of his sworn statement to the company, property known by him not to be in his shop at the time of the fire. The plaintiff offered evidence tending to show the accuracy of his schedule.

The plaintiff made no request for instructions before the charge. The material portions of the charge are stated in the opinion of the court.

At the close of the charge the plaintiff's counsel requested the judge to instruct the jury that the burden of proof was on the defendant to prove fraud. Thereupon the judge gave an additional charge which is quoted in full in the opinion.

At the close of the additional charge the plaintiff again asked the judge to give the instruction before requested in the words "the burden of proof is on the defendant to prove fraud" without specifying in what respect the additional charge as given had failed to meet the request, and the judge refused to do so on the ground that the instruction requested had already been given in his additional charge.

The plaintiff further said to the judge " Plaintiff excepts to the ruling that burden of proof is on the plaintiff to prove the truth of the statement," without further specifying the part of the charge with which he found fault, and handed to the judge a paper containing the following: " Burden of proof is on defendant to prove fraud in statement."

The judge declined to give any further instructions.

The jury found for the defendant; and the plaintiff alleged exceptions.

*C. F. Cronin,* for the plaintiff.

*B. G. Davis,* for the defendant.

KNOWLTON, J. This was an action on a policy insuring the plaintiff's goods. The principal question was whether there was fraud on the part of the plaintiff in making his proof of loss. This proof of loss was also used before referees who were appointed under a provision in the policy to determine the amount of the loss.

The plaintiff made no request for instructions before the charge. After stating the issues, the judge, in an early part of the instructions, having reference apparently to the amount to be recovered, said: " The burden is upon the plaintiff to satisfy you of what was there. You are to say whether there was there at the time of the fire the items of property which are described in the plaintiff's proof of loss. If they were there, then of course he would be entitled to recover of this insurance company the value of the property which was thus found upon the premises at the time of the fire." He then gave instructions on the question of fraud, which pointed out the difference between an intentional wrong and an honest mistake. At the close of the charge the plaintiff's counsel asked the judge to instruct the jury as follows: " The burden of proof was on defendant to prove fraud." The judge thereupon gave additional instructions as follows: " I am asked by counsel for the plaintiff to say to you that the burden of proof is on the defendant to prove fraud. You have heard what I have said to you with reference to the duty of the plaintiff to furnish a statement signed and sworn to, and that I have also said to you that the claim on the part of the defendant is that the statement thus furnished was false and fraudulent in respect to the quantities, and in respect to the values of the goods set out in the report of loss. Under the provisions of the contract the award of the arbitrators, made as made in this case, would be final and binding upon the parties, and mark the extent of the liability of the defendant to the plaintiff, unless there was fraud on the part of the plaintiff in the procurement of that award. Now the de-

fendant says there was fraud on the part of the plaintiff in procuring that award in the way and manner which I have already stated to you. Now I instruct you that under those circumstances the burden of proof is upon the party defendant to establish the fact that there were false and fraudulent representations made, and that they were made in an attempt to defraud the company. Now you judge of whether or not they were fraudulent by having regard to all the circumstances in the case, the statements made by the plaintiff in the particulars set out in the proof of loss, and his evidence, if there be any, explaining it, or, if there be none, any inference that is to be drawn from that fact, and the inferences that are to be drawn from all the circumstances that are proved in the evidence on the part of the defendant. Fraud must be proved, but, as you observe, can rarely be proved by what is known as direct evidence or testimony. Evidence more or less circumstantial in its nature must be relied upon in order to establish the proposition of fraud. That is the nature of the evidence which is relied upon here, and circumstantial evidence, of course, may be entirely as satisfactory as direct testimony; sometimes it may be more so. At any rate, it may be as convincing. And so you will take all the evidence and say whether or not, on the matter, it is fairly proved that there was this fraudulent purpose on the part of the plaintiff, it being for the defendant to prove it." The reference of the judge in the additional charge to what he had said about " the duty of the plaintiff to furnish a statement" was to a part of the charge to which no objection was made, in which the court pointed out that, by the terms of the policy, the insured was required to furnish to the company a'sworn statement setting forth the value of the property, etc. At the close of the additional charge the plaintiff's counsel again asked the judge to give the same instruction, without specifying in what particular the additional charge failed to meet his request, and the judge refused on the ground that it had already been given in the additional instructions.

We are of opinion that the instruction requested was covered by the additional instructions, and that the reference of the judge to the use of the proof of loss before the arbitrators or referees did the plaintiff no harm. If the plaintiff intended to

rely on an inaccuracy of this kind, he should have referred to it when it was said by the judge that he had already given the instruction requested. See *Boutelle* v. *Dean*, 148 Mass. 89. This is the only exception argued by the plaintiff.

*Exceptions overruled.*