CORA E. JONES *vs.* NEWTON STREET RAILWAY COMPANY.

Middlesex.   March 4, 1904. — May 21, 1904.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Exceptions.  *Rules of Court.*

If after a charge to a jury a request for a ruling is made and refused, and the judge
gives further instructions upon the question of law raised by the request, if the
party presenting the request remains silent, and does not claim an exception
until his bill of exceptions is presented for acceptance, under Rule 48 of the
Superior Court he has lost the right to except to the refusal of the ruling, and
it does not matter that he meant to save an exception and supposed in spite of
his silence that he had done so.

TORT for personal injuries incurred while alighting from a car
of the defendant.   Writ dated December 24, 1900.

At the trial in the Superior Court before *Sherman,* J., the
jury returned a verdict for the defendant; and the plaintiff
alleged exceptions.   The judge, after stating that he was dis-
posed to allow the exceptions if he properly could do so under
the circumstances which appear in the opinion, certified upon
the exceptions "Allowed, if the court had the right to do so on
statement in the bill of exceptions."

*F. W. Dana, ( W. C. Henderson* with him,) for the plaintiff.

*W. M. Lindsay,* for the defendant, was not called upon.

BRALEY, J.   The first question is whether any exception is
properly before us.

It appears that after the instructions to the jury had been
completed the ruling requested and refused was presented for
the first time to the presiding judge.

Under Rule 48 of the Superior Court it is provided that " No
exception shall be allowed by the presiding justice, unless the
same be alleged and saved at the time when the opinion, ruling,
direction, or judgment excepted to is given. . . . All requests
for instructions shall be made in writing before the closing argu-
ments unless special leave is given to present further requests
later."

The purpose of this rule is to ensure the orderly conduct of
trials so that not only the court but the parties may definitely

know what questions of law it is proposed to raise by requests for rulings, and it is of much practical importance that before . the charge to the jury the different views of counsel shown by such requests shall be formally presented for consideration.

While the flexibility of the rule permits them to be received in the discretion of the court at any stage of the trial before the jury retire to consider their verdict, no corresponding privilege is given by the clause which requires such an exception to be alleged and saved at the time the adverse ruling is given. *Boutelle* v. *Dean*, 148 Mass. 89.

If in the trial it can be said to be a question of intention on the part of counsel whether or not this statutory right shall be exercised when occasion demands, yet, in some definite manner that can be clearly understood, the excepting party must make known his desire to take advantage of it when such a ruling is given.

It often happens that rulings are asked, with an implied understanding on the part of counsel and the court that, if refused, no formal action is required to save and complete this right, but no particular form of expression by which an exception is to be properly saved is prescribed or recognized in practice; and it is generally sufficient that, at the time, such purpose is plainly manifested, in whatever way; yet the exception does not become perfect unless the presiding justice also understands that it has been taken. *Leyland* v. *Pingree*, 134 Mass. 367, 370.

When the ruling that "in the absence of evidence to the contrary, the servants of the company, in charge of the car, are presumed to have started it" was presented, with a request that it be given, it was refused by the judge, and the refusal was followed by instructions to the jury upon the principle of law which had been raised, and it then became the duty of counsel for the plaintiff, if he wished an exception, to make his intention known by a distinct declaration that he excepted to the denial of his request.

No such action, however, was taken. He chose to remain silent, and nothing further was done by him until the bill of exceptions was presented for formal allowance, when he made a claim that he meant to save an exception if the ruling requested was not given; and he now contends that notwithstanding his

silence he supposed that enough had been done on his part to accomplish this object. But the statement of the presiding judge which appears in the exceptions makes it clear that while at the time the request was presented he supposed counsel intended to save an exception, yet, as nothing was said to the court after it was refused, he inferred that such an intent had been abandoned. Under these conditions it must be held that he also had a right to assume that the instructions given by him in place of the request covered the point raised and were satisfactory to the plaintiff.

This view is further confirmed by the certificate of allowance, which was made subject to the express qualification that no exception was allowed unless upon the history of the trial to which reference already has been sufficiently made, it had been duly saved.

If the most liberal interpretation of the rule is adopted in favor of the plaintiff's contention, it is evident that she has not brought herself within its provisions, and no exception is found which her counsel can be permitted to argue. *Thwing* v. *Clifford*, 136 Mass. 482.

*Exceptions dismissed.*