CHICAGO—FIRST DISTRICT—MARCH, 1913.    7

Long Bell Naval Stores Co. v. Central Com. Co., 178 Ill. App. 7.

## Long Bell Naval Stores Company, Appellee, v. Central Commercial Company, Appellant.

### Gen. No. 17,973.

1. APPEALS AND ERRORS—*when no propositions of law presented on appeal.* Where no propositions of law are submitted as provided for by municipal court rule 23, which is Practice Act, §61, no question of law is presented on appeal unless errors assigned as to the admission or exclusion of evidence necessarily involve such a question.

2. SALES—*when seller justified in treating contract as canceled.* The seller may treat the contract as canceled where it provides that the goods should be taken up at least every thirty days, but the buyer refuses to furnish shipping directions after numerous requests, though he informed the seller by letter that he would furnish such directions within thirty days.

3. SALES—*when seller may treat contract as terminated.* The seller may treat the contract as terminated where part of the goods were apparently accepted by the buyer, though he alleges that they did not comply with the contract as to quality, and where he credited the seller with a certain amount on his books after the shipment but did not pay for such shipment or tender the amount credited.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 4, 1913.

WILLIAM A. ROGAN, for appellant.

ADAMS, CANDEE, STEERE & HAWLEY, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Suit was brought for the recovery of the value of a tank car of turpentine, freight charges and interest. Previously, on April 15, 1907, the parties had entered into an agreement whereby the appellee agreed to sell and the appellant agreed to purchase the appellee's

"entire production of resin and turpentine and all which they make, own, or control, during the entire season from April 1, 1907, to April 1, 1908," the price being based upon the official closing market at Savannah, Ga. It was further provided that both the resin and the turpentine should be taken up at least every thirty days. Inspection of the resin and turpentine before shipment was provided for, and the appellant agreed to pay cash through its Chicago office upon receipt of document showing shipments of the resin and turpentine from the railroad company with the invoice attached.

The car for which the claim is made was shipped on January 25, 1907. A month later the appellant rendered an account to the appellee, whereby it credited the appellee with $814.29, and this is the amount which was allowed by the trial judge in the judgment appealed from. The defense sought to be interposed was the failure of the appellee to ship all of its product. The reply to this contention is, first, that the appellant violated the contract by not paying for the car in question according to the terms of the contract; and second, that it violated the contract by not giving orders to the appellee to ship the resin so that the terms of the contract providing that the resin and turpentine should be taken up at least every thirty days would be complied with.

The case was tried before the court without a jury. No propositions of law were submitted by either side. Section 61 of the Practice Act, which has been adopted by the Municipal Court by Rule 23 of that court, provides for the submission of written propositions to be held as law in the decision of the case, which shall be marked "refused" or "held" by the court as the court is of opinion is the law etc. As no such propositions were submitted by either party, no question of law is presented for our determination, unless the errors assigned as to the admission or exclusion of evidence necessarily involve the consideration of such a ques-

tion. (Keating v. Springer, 146 Ill. 481.) No question as to the admission or refusal to admit evidence is raised in the appellant's brief.

We are satisfied, however, from the evidence that the appellee was justified in treating the contract as rescinded by appellant. It seems that all of the resin and turpentine had been inspected. In a letter written in February, 1908, appellant stated: "You now have specifications for five hundred odd barrels, which will reduce your stock materially, this leaving only 1,210 barrels unshipped. We will furnish you shipping instructions on these 1,210 barrels in the course of the next thirty days, and trust this will be satisfactory." We think it was the duty of appellant under these circumstances to furnish appellee with shipping directions, and its refusal to do so after numerous requests was a sufficient repudiation of the contract to permit its being treated by the appellee as canceled. (Weill v. American Metal Co., 182 Ill. 128.)

The other ground for treating the contract as canceled is also, in our opinion, well taken. Although the car of turpentine is alleged by the appellant not to have complied with the terms of the contract as to quality, it was apparently accepted by the appellant, and the appellant should have paid for it or at least tendered the amount for which it credited the appellee on its books. The refusal to so make payments might properly be treated by the appellee as a termination of the contract. (Burt v. Garden City Sand Co., 237 Ill. 473.)

We find no competent proof of any valid set-off to the claim of the appellee other than was allowed, and the judgment is therefore affirmed.

*Affirmed.*