NEW BEDFORD COTTON WASTE COMPANY *vs.* EUGEN C. ANDRES COMPANY.

Suffolk. March 24, 1926. — December 3, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Exceptions: what exceptions are open, construction of record; Finding by trial judge; Common Law Rule 45 of the Superior Court (1923). *Sale. Contract,* Performance and breach. *Rules of Court.*

At the close of the evidence at the hearing of an action at law by a judge without a jury, the defendant orally moved that the judge "order judgment for the defendant," and made no requests for rulings of law; and the judge denied the motion and ordered judgment for the plaintiff, filing a document entitled, "Findings of Fact and Rulings." The defendant seasonably filed a claim of exceptions, afterwards followed by a bill of exceptions, which was allowed by the judge, setting forth his exceptions to the denial of his motion, to the ordering of judgment for

the plaintiff, and to alleged findings and rulings contained in a document filed by the judge.  *Held*, that the only question before this court on such exceptions was, whether the judge was right in refusing to order judgment for the defendant.

A motion, at the hearing of an action by a judge without a jury, that a finding be entered for the defendant raises only the question whether the plaintiff can recover any judgment; it does not raise the question of the amount recoverable, if any.

The effect of Common Law Rule 45 of the Superior Court (1923), allowing exceptions to an order, ruling or decision made in the absence of counsel, is to fix a time within which counsel, who are not present when the order in a case reserved for consideration by a judge is filed, can claim the exceptions which they could and should have claimed at the hearing had that been possible; parties do not acquire rights to additional exceptions under the rule, but are merely secured against the loss which otherwise would result from the lack of opportunity to claim exceptions during the hearing.  Per WAIT, J.

Where, at the hearing by a judge without a jury of an action for breach of a contract for the sale of goods by the plaintiff to the defendant which required the defendant to give certain shipping directions to the plaintiff, there was evidence that the defendant failed to give any shipping directions, it was proper for the judge to treat such failure as a breach of the contract.

A finding by the judge at the hearing of the action above described, "I find no evidence of a waiver of this condition of the contract or of the breach," is not error even if evidence of a waiver was admitted and the judge in a statement of finding referred to such evidence, his finding in the language above quoted not meaning that there was no evidence on the subject, but meaning that from the testimony he obtained no satisfactory proof of the fact.

CONTRACT.  Writ dated April 13, 1922.

In the Superior Court, the action was heard by *Lawton*, J., without a jury.  Material evidence is described in the opinion.  At the close of the evidence, the defendant orally moved that the judge "order judgment for the defendant." No requests for rulings were made.  The motion was denied. The judge filed a paper entitled "Findings of Fact and Rulings."  The first lines of this document were as follows:

· "The contract of September 22, 1921, required the two hundred bales here in dispute to be taken in November (1921).  The clause 'ship via buyer's instructions' required the defendant to give instructions and to give them during November.  Its failure to do so in November was a breach of the contract by it.  I find no evidence of a waiver of this condition of the contract or of the breach.

"At the close of the evidence, the defendant made an oral motion that I should order judgment for the defendant. That motion I now deny."

The judge ordered judgment for the plaintiff in the sum of $2,564.37. The defendant seasonably filed a document entitled, "Claim of Exceptions to the Findings and Rulings of the Court." In it the defendant claimed "exceptions to the findings and rulings" of the judge in twelve specific particulars. Later, a bill of exceptions setting forth such claims in detail was allowed by the judge.

*W. H. Garland*, (*A. Garceau* with him,) for the defendant.

*W. B. Leach*, for the plaintiff, was not called on.

WAIT, J. The first count of the declaration alleges breach of a written contract for purchase and sale of merchandise through failure of the buyer to give shipping instructions called for by the contract. It sets out facts showing the extent of the damage. The second count is upon an account annexed, the items of which are: (1) indebtedness on December 1, 1921, for the contract price of goods then deliverable under the contract; (2) interest on that amount to March 30, 1922; (3) money paid for storage charges until that date; and (4) credit for the amount received by the plaintiff from a sale of the goods made on March 30, 1922. The counts are different statements of the same claim.

The bill of exceptions discloses that the only request or motion presented by the defendant at the trial before a judge sitting without jury was that judgment be ordered for the defendant. No attention was called to the fact that, because the contract, by its terms, allowed the buyer a credit of thirty days which had not then expired, nothing was due on December 1, 1921. No prayers setting out the contentions of law made by the defendant were addressed to the judge during the hearing. In this state of affairs the only exception open to the defendant is, whether the judge was right in refusing, as he did, to order judgment for the defendant. *Lyon* v. *Prouty*, 154 Mass. 488. It cannot gain added grounds of exception after receiving notice of the decision, by claiming then, for the first time, exceptions to what it calls rulings "in substance," implied

from the "Findings of Fact and Rulings" which the judge filed with his order for judgment for the plaintiff. *Richards* v. *Appley,* 187 Mass. 521; *Thwing* v. *Clifford,* 136 Mass. 482; *McCoy* v. *Jordan,* 184 Mass. 575, 582; *Jones* v. *Newton Street Railway,* 186 Mass. 113; *Quimby* v. *Jay,* 196 Mass. 584.

In a trial before a court without a jury, a motion that a finding be entered for the defendant may involve the determination by the judge of questions both of fact and of law. A valid exception to a denial of the motion can exist only when, as matter of law, the plaintiff cannot prevail. Such a motion raises only the question whether the plaintiff can recover any judgment. It does not raise the question of the amount recoverable. *Keohane, petitioner,* 179 Mass. 69.

The effect of Common Law Rule 45 of the Superior Court (1923), allowing exceptions to an order, ruling or decision made in the absence of counsel, is to fix a time within which counsel, who are not present when the order in a case reserved for consideration by a judge is filed, can claim the exceptions which they could and should have claimed at the hearing had that been possible.

Parties do not acquire rights to additional exceptions under the rule. They are merely secured against the loss which otherwise would result from the lack of opportunity to claim exceptions during the hearing. See *McDonnell, petitioner,* 197 Mass. 252; *Boutelle* v. *Dean,* 148 Mass. 89; *Leyland* v. *Pingree,* 134 Mass. 367.

There was evidence that the defendant failed to give shipping directions. The judge was right in treating this as a breach of the contract. *Weill* v. *American Metal Co.* 182 Ill. 128. *Salmon* v. *Helena Box Co.* 147 Fed. Rep. 408; 158 Fed. Rep. 300.

The defendant contends that this breach was waived; and argues that the words of the "Findings of Fact and Rulings": "I find no evidence of a waiver of this condition of the contract or of the breach" show clear error. There was testimony from an official of the defendant that he spoke with one Lockwood of the plaintiff corporation and made a certain arrangement with him which would have waived the breach. Lockwood was dead when the case was tried.

The judge refers to this alleged conversation and, thus, makes evident that, in the words quoted, he meant not that there was no evidence on the matter, but that from the testimony he obtained no evidence — i.e. satisfactory proof — of the fact. No other meaning is consistent with his finding for the plaintiff. If, as a fact, no such interview took place and there was no waiver of any breach, there is no support for a contention that the defendant was entitled to the ruling he asked. There was evidence for the court to pass upon. His finding is final. *Vinal* v. *Nahant*, 232 Mass. 412, 419.

Nothing further is open upon the bill of exceptions.

*Exceptions overruled.*