TIDE WATER OIL COMPANY *vs.* YOUNG'S GARAGES, INC., & others. March 15, 1941. Defendants' exceptions overruled. Plaintiff's exceptions sustained. Judgment for the plaintiff for $1,470.86 with interest from the date of the verdict, January 5, 1938, and costs. If the credit of $441.25 which the defendants claim upon their note should be allowed, the plaintiff would still be entitled to as much as the sum for which it asked a directed verdict. There was no evidence to warrant the allowance of the further credit for rent claimed by the defendants.

*A. L. Hyland,* for the plaintiff.

*R. Rambach,* for the defendants.

STANLEY OLDAKOWSKI *vs.* HELEN R. MYRICK. March 31, 1941. Exceptions overruled. In this action of tort a minor sought to recover compensation for personal injuries sustained by him when he was three years old. There was a verdict for the defendant. The judge, before charging the jury, denied the plaintiff's requests for instructions numbered 5 and 6 relating respectively to the negligence of the plaintiff's mother and the doctrine of imputed negligence. The bill of exceptions does not disclose that the plaintiff at this time attempted to save any exception. In his charge the judge dealt in general with the subject matter of the requests. The bill of exceptions states expressly that the "failure to give requests 5 and 6 was not called to the attention of the Justice after the charge and no exceptions were taken to his failure to give requests 5 and 6 after the charge." No question, therefore, is presented for our consideration. Rule 72 of the Superior Court (1932). *Leyland* v. *Pingree,* 134 Mass. 367. *Jones* v. *Newton Street Railway,* 186 Mass. 113. *Squires* v. *Fraska,* 301 Mass. 474, 477–478.

The case was submitted on briefs.

*H. J. Meleski,* for the plaintiff.

*E. G. Norman,* for the defendant.