HAROLD J. VATH, JR. *vs.* ZAYRE CORPORATION. January 19, 1977. In this action of tort in two counts for false imprisonment which was tried prior to July 1, 1974, a verdict was returned on the first count for the defendant and on the second count for the plaintiff. The defendant has appealed. 1. The defendant claims error in the denial of its motion for a new trial on the ground that the verdicts were inconsistent. That denial was proper for any of three reasons: (a) there was no inconsistency in the verdicts; (b) the defendant did not raise any alleged inconsistency of the verdicts by its motion for a new trial; and (c) the proper time to have raised any such question was when the verdicts were returned, and failure to take an exception then did not give the defendant the right as a matter of law to raise the point on a motion for a new trial. *Phillips* v. *Larson,* 323 Mass. 87, 91 (1948). See *Fegan* v. *Lynn Ladder Co. Inc.* 3 Mass. App. Ct. 60, 64 (1975). 2. The defendant's request that the jury be instructed that no causal connection had been established between the "incident" and the plaintiff's injury was properly denied. In the light of the supporting evidence, the testimony given by a medical expert that there was "a probable causal relationship" carried such a nexus beyond the realm of mere possibility. See *Josi's Case,* 324 Mass. 415, 418-419 (1949). Contrast *Oberlander's Case,* 348 Mass. 1, 6-7 (1964). "It is not for us to determine whether the opinion of the doctor was medically sound. . . . Its probative value was for the fact finding tribunal to decide." *Murphy's Case,* 328 Mass. 301, 304 (1952). Furthermore, as the record fails to reveal that any exception was taken to the failure of the judge to give the requested instruction, the denial of the request is not properly before us. *Oldakowski* v. *Myrick,* 308 Mass. 600 (1941). *Commonwealth* v. *Miller,* 4 Mass. App. Ct. 379, 382 (1976). 3. The trial judge did not abuse his discretion in allowing certain questions com-

Rescript Opinions.

plained of as leading. *Commonwealth* v. *Lammi,* 310 Mass. 159, 162-163 (1941). See *Commonwealth* v. *Flynn,* 362 Mass. 455, 467 (1972).

> *Order denying motion for new trial affirmed.*

> *Judgment is to be entered on the verdicts returned by the jury.*

*Arthur C. Sullivan, Jr.,* for the defendant.
*Sheldon A. Fine* for the plaintiff.