## JOHN KEOHANE, petitioner.

Suffolk.    March 19, 1901. — May 22, 1901.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Practice, Civil,* Exceptions.  *Replevin,* Nonsuit, Damages for breach of replevin bond.

If there has been no preliminary understanding or arrangement for saving a party's rights, it is too late to except to a finding as unwarranted by the evidence after it has been made.  The rule is the same when the finding is made by a judge as when made by a jury.

*Semble,* that when in replevin there has been a judgment for a return upon a nonsuit followed by a breach of the replevin bond by a failure to return the property, a surety on the bond has a right to show that the defendant in replevin had no title.

Where there has been a breach of a replevin bond by a failure of the plaintiff in replevin to return the goods on an order for a return, whether a surety on the bond by showing that the defendant in replevin was a bailee could reduce the damages recoverable to the value of his special interest, *quære.*

PETITION to prove exceptions of the defendant in the case of *Norman Y. Brintnall* v. *John Keohane,* an action on a replevin bond.  Writ in the Municipal Court of the city of Boston dated May 10, 1900, case entered in the Superior Court on appeal August 1, 1900, petition filed January 11, 1901.

The case was tried in the Superior Court by *Hardy,* J., without a jury.  The preceding replevin suit in which the bond was given was brought by one John F. Leonard against the present plaintiff Norman Y. Brintnall.  In that suit a coupé and a harness were replevied.  The replevin suit was entered in court, and thereafter Leonard, the plaintiff therein, was nonsuited, and an order was made for a return of the property replevied.  The property was not returned, and this action on the replevin bond was brought by Brintnall, the defendant in the replevin suit, against the present defendant, one of the sureties on the bond, who is the petitioner to prove exceptions.  The defendant admitted the execution of the bond by him as surety, and a breach of the condition, in that the order for the return of the property had not been complied with, and went to trial upon the question as to the sum for which in equity and good conscience execution should issue.

The plaintiff, Brintnall, testified that he held the coupé and harness at the time they were replevied on account of a lien he had thereon, given by one Michael Leonard, a brother of John F. Leonard, to secure a debt to Brintnall from Michael amounting to $275; and also testified that he held a horse as security for the same debt at the time of the service of the replevin writ, and had kept and used the horse as his own property ever since that time, a period of seven and one half years. During the cross-examination of Brintnall a discussion arose as to the right of the defendant, Keohane, to show that Michael Leonard had no title to the property nor any authority to pledge or give a lien upon it, and the defendant contended that if Michael Leonard had no such title or authority the plaintiff would be entitled to recover only nominal damages; and further contended that, in case the judge should find that Michael Leonard had title and authority to create a lien on the property, then the plaintiff would be entitled to recover only such part of the debt as remained due from Michael to the plaintiff, together with interest and costs. Thereupon the judge ruled that he would admit the evidence of the defendant tending to establish his contentions *de bene*, and would consider and determine the questions raised by the defendant at the argument of the case. The plaintiff testified to the value of the coupé, harness and horse.

The defendant offered as a witness John F. Leonard, who testified that the coupé and harness at the time of the service of the replevin writ were his property; that he bought the coupé of one Stevens, and the harness of one Donohoe, and that he allowed Michael to use the coupé and harness for a share of the profits which Michael might make in his business as hack driver. The witness also testified as to the value of the horse, harness and coupé.

At the close of the evidence, the counsel for the defendant in his argument discussed the propositions contained in his contentions as above stated, and orally asked the judge to rule in accordance with his contentions; and was proceeding to put his requests for such rulings in a formal manner when the judge stated that the defendant was too late to make any such requests, refused to hear the defendant's counsel thereon or to

permit the defendant to make his requests for rulings at that time, and ordered the plaintiff's counsel to proceed with his argument.

The next day the judge sent to the clerk of the Superior Court a finding for the plaintiff in the penal sum of the bond, and an order that execution should issue for the sum of $465.97, and made a memorandum or statement on the paper on which the finding was written as follows: " See *Stevens* v. *Tuite*, 104 Mass. 328, for rule in computation of damages, pages 334, 335." Within twenty days the defendant filed his bill of exceptions to the refusals to rule and to the ruling or statement made as to the computation of damages. These exceptions were disallowed by the judge in writing as follows:

" This bill of exceptions is disallowed for the reasons that the defendant is not entitled to any exception. No requests for rulings either oral or written were made by the defendant previous to the termination of the closing argument of the defendant's counsel. When the said counsel had finished his argument and the plaintiff's counsel arose to reply, I stated to the latter that I did not care to hear him argue any question except the one of the damages. Then for the first time the counsel for the defence attempted to make a request for rulings which I declined to hear because he was too late, and he had not complied with the forty-eighth rule of the court. I made no specific rulings under *Stevens* v. *Tuite*, 104 Mass. 334, 335, which entitles the defendant to an exception. The plaintiff's counsel in his argument claimed that the damages should be assessed in a much larger sum than the amount found by me in this case. I suggested to such counsel in the course of the trial and argument that the case cited established a different rule than the one claimed by him. As I assessed the damages contrary to the contention of the plaintiff, at the foot of the finding which I made, I simply wrote the words, ' See *Stevens* v. *Tuite*, 104 Mass. 334, 335,' for the benefit of the plaintiff's counsel."

Thereupon the petition to prove exceptions was filed, and Charles A. Williams, Esquire, was by this court appointed commissioner to hear the parties and their evidence, settle the truth of the exceptions, and report thereon to the court.

The commissioner filed his report in which he reported the

evidence presented before him, and, among other findings, found "that the petitioner, John Keohane, during the trial on the replevin bond did not allege, take, or save any exceptions to any opinion, ruling, direction, or judgment of the court in matter of law."

Rule 48 of the Superior Court is as follows:

" No exception shall be allowed by the presiding justice, unless the same be alleged and saved at the time when the opinion, ruling, direction, or judgment excepted to is given. And all exceptions to any charge to the jury shall, unless previously saved, be alleged before the jury are sent out. When further instructions are given in the absence of counsel after the jury have retired, the presiding justice may permit exceptions thereto at any time within twenty-four hours next following. All requests for instructions shall be made in writing before the closing arguments unless special leave is given to present further requests later."

*W. B. Orcutt*, for Keohane, contended, that Rule 48 of the Superior Court does not apply to a case heard by a judge without a jury, and that, in the case at bar, the judge admitted *de bene* the evidence offered by the defendant and no ruling was given at the trial and there was then nothing to except to.

*A. E. Burr*, for Brintnall.

HOLMES, C. J. This is a petition to prove exceptions. The commissioner to whom the case was referred finds that during the trial the petitioner did not take or save any exceptions. It is certain that no requests for instructions were made in writing before the closing arguments, as required by Rule 48 of the Superior Court, and although we assume on the testimony that the counsel for the petitioner understood that he had what amounted to special leave to present requests later, we do not perceive the implication of such leave in a postponement of discussion of a question raised on evidence to the arguments, or any reason why, if the requests would have been in time, they should not have been presented in writing.

The argument most pressed is that, in a case tried before a judge alone, if the judge bases his finding upon a ruling of law, the party aggrieved has the right to except to such ruling, and that the judge did that in this case. The judge found for the

plaintiff, and on the back of the memorandum of the finding was written " See *Stevens* v. *Tuite*, 104 Mass. 328, for rule in computation of damages, pages 334, 335." This is what the defendant relies upon. But the judge in disallowing the bill of exceptions certified that he " made no specific rulings under *Stevens* v. *Tuite*, 104 Mass. 334, 335, which entitles the defendant to an exception," and explained that the reference to the case was in answer not to the defendant's but to the plaintiff's contention, and was intended to show why he did not give the plaintiff larger damages in accordance with his claim. But the judge found substantial damages, and the defendant had been directing his main defence to the proposition that the plaintiff could recover nominal damages only. The judge therefore ruled by implication that the evidence warranted a finding of substantial damages. It may be urged that the correctness of this implied ruling is open.

But, in our opinion, if a party wishes to save a question of law upon the evidence, he must do so before the trial is over, and cannot raise it for the first time by what may be an afterthought, although it was not so in this case. If a judge should leave a case to a jury upon a wrong ruling, it would be too late to except after a verdict had been returned. The rule is the same when the finding is by the judge. If there has been no preliminary understanding or arrangement for saving a party's rights, it is too late to except to a finding as unwarranted by the evidence after it has been made. When the finding is recorded nothing on the face of the record shows that the excepting party is aggrieved, and at that stage there is no right to make the evidence a part of the record in order to establish the grievance.

We should have thought in this case that the petitioner had been dealt with too technically, and had been prevented from saving rights which he obviously meant and tried to save, were we not convinced that the judge's finding of facts cut the ground from under the propositions of law relied upon by the petitioner and that that was the reason for the somewhat summary treatment which his counsel received. We think also that the finding was warranted by the evidence. To state our view a little more fully, although it is not within the scope of our decision,

if we assume that a surety on a replevin bond when the judgment for a return was on a nonsuit has a right to show that the defendant in replevin had no title, (*Easter* v. *Foster*, 173 Mass. 39, 40,) the evidence in this case warranted a finding that there had been an implied consent of all parties in interest that the defendant in replevin, the present plaintiff, should have the title to the replevied goods. Whether it would have mitigated damages to show that the defendant in replevin was a bailee need not be considered. Compare *Leonard* v. *Whitney*, 109 Mass. 265, 268, 269, with *Brewster* v. *Warner*, 136 Mass. 57.

*Petition dismissed.*