BERTHA F. RICHARDS *vs.* NELLIE M. APPLEY.

Middlesex.     January 20, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Practice, Civil*, Exceptions.

Where no ruling has been asked for, and a finding has been made by a judge sitting without a jury, it is too late to except to the finding on the ground that it is not warranted by the evidence.

If a finding by a single justice of this court sitting without a jury expressly includes a ruling of law, first made when the decision is filed some time after the end of the trial, R. L. c. 173, § 106 requires a party who desires a revision of the ruling to reduce his exception to writing and file it with the clerk within twenty days after notice of the decision has been received, unless further time is allowed by the court, but this does not give the excepting party twenty days within which to allege his exception. On the contrary he must allege it promptly within a reasonable time after receiving notice of the ruling, and not to allege it until filing his bill of exceptions twenty days after the decision is unreasonable and in such a case the exception must be disallowed by the single justice as alleged too late.

CONTRACT on a promissory note for $1,600, payable on December 12, 1902, with interest at the rate of five per cent

per annum.   Writ in the Supreme Judicial Court dated July 20, 1903.

The case was tried before *Hammond*, J., without a jury, on April 26, 1904.   On May 5, 1904, the justice filed his findings and a " memorandum of basis of finding."   He found for the plaintiff, and assessed damages in the sum of $1,750.55.   On May 7, 1904, the defendant filed a motion for a new trial. On May 25, 1904, the defendant filed a bill of exceptions.   On June 7, 1904, at a hearing to settle the bill of exceptions, the defendant waived her motion for a new trial.   The exceptions alleged had not been taken at the trial.   The plaintiff objected to the allowance of the bill of exceptions on the ground that no exceptions had been taken.   The justice at the foot of the bill of exceptions signed the following statement: " Exceptions allowed so far as I have the right to allow them."

*J. J. Higgins*, for the defendant.

*S. K. Hamilton*, (*A. L. Richards* with him,) for the plaintiff.

KNOWLTON, C. J.   It appears in the record that the plaintiff objected to the allowing of this bill of exceptions on the ground that no exception was taken.   The certificate of the justice is, " Exceptions allowed so far as I have the right to allow them." This presents the question whether an exception was taken in such a form as to entitle the defendant to an allowance of it.

The only question of law which the defendant seeks to present is whether the evidence warranted the finding of the presiding justice.   There was no request for a ruling on this subject, nor any exception alleged or taken previously to the filing of the bill, twenty days after the filing of the findings and memorandum of opinion by the justice, and at least nineteen days after the defendant received notice of these findings.

The case is covered by the decision in *Keohane, petitioner*, 179 Mass. 69, in which, as in this case, the trial was before a judge without a jury, and the defendant, after a decision, sought to raise questions of law involved in the findings.   In the opinion the court says : " The judge therefore ruled by implication that the evidence warranted a finding of substantial damages.   It may be urged that the correctness of this implied ruling is open. But, in our opinion, if a party wishes to save a question of law

upon the evidence, he must do so before the trial is over, and cannot raise it for the first time by what may be an after-thought, although it was not so in this case. If a judge should leave a case to a jury upon a wrong ruling, it would be too late to except after a verdict had been returned. The rule is the same when the finding is by the judge. If there has been no preliminary understanding or arrangement for saving a party's rights, it is too late to except to a finding as un-warranted by the evidence after it has been made."

There is another reason why this exception should not be considered. If a finding expressly includes a ruling of law first made when the decision is filed a considerable time after the end of the trial, the statute requires that an exception shall be alleged if the party desires a revision of the ruling. R. L. c. 173, § 106. This section also requires that it shall be reduced to writing and filed with the clerk within twenty days after the verdict is rendered, or if the case is tried without a jury, within twenty days after the notice of the decision is received. This notice must be given by the clerk. R. L. c. 165, § 19. This statute has always been interpreted as meaning that, to save an exception, it must be alleged promptly. Rule 48 of the Superior Court is as follows: "No exception shall be allowed by the presiding justice, unless the same be alleged and saved at the time when the opinion, ruling, direction, or judgment excepted to is given. And all exceptions to any charge to the jury shall, unless previously saved, be alleged before the jury are sent out. When further instructions are given in the absence of counsel after the jury have retired, the presiding justice may permit exceptions thereto at any time within twenty-four hours next following. All requests for instructions shall be made in writing before the closing arguments unless special leave is given to present further requests later." That court has had a similar rule for many years. In *Joannes* v. *Underwood*, 6 Allen, 241, Chief Justice Bigelow said, " This rule is a wise and salutary one, which the court was fully authorized to pass." See also *Lee* v. *Gibbs*, 10 Allen, 248 ; *Spooner* v. *Handley*, 151 Mass. 313, 317. The provision of the statute, allowing twenty days for reducing the exceptions to writing and filing them, has no ref-erence to the time of alleging them. See *Lee* v. *Gibbs, ubi supra.*

In the present case the trial was in the Supreme Judicial Court, which has no rule on this subject, although it has always interpreted the statute in practice as the Superior Court interprets it by its rule. It may be said that the rule of the Superior Court should not be applied literally to a case where the ruling is made in writing by filing a decision in the absence of the parties, a considerable time after the end of a trial. Granting this, the statute should be interpreted as requiring that exceptions be alleged promptly, within a reasonable time after the notice of the ruling. The rule of the Superior Court allows twenty-four hours for alleging exceptions where additional instructions are given to the jury in the absence of the parties, which is a reasonable time. A failure to allege them at all, until the filing of the bill twenty days after the decision, is not alleging them promptly, within a reasonable time, as required by the statute.

On both grounds the bill of exceptions must be dismissed. We come to this conclusion without reluctance, as a perusal of the evidence shows that the decision was well warranted.

*Exceptions dismissed.*