WILLIAM F. REID *vs.* HENRY L. DOHERTY.

Suffolk.    November 3, 1930. — November 26, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Appellate division: report by trial judge. *Waiver.*

Where, on an appeal by the plaintiff from an order by an appellate division of a municipal court dismissing a report by a trial judge of an action for breach of a contract to deliver certain shares of corporate stock, it appears that the plaintiff did not present a request for

a ruling, whether the evidence would support a finding of waiver of a right to claim damages for the breach, and ask a report to raise such question, and that the judge found that the plaintiff had so waived and found for the defendant, a contention by the plaintiff that such finding was error is not open.

CONTRACT for damages resulting to the plaintiff from an alleged breach by the defendant of a contract to deliver to the plaintiff one hundred shares of common stock of Cities Service Company.   Writ in the Municipal Court of the City of Boston dated November 26, 1929.

Findings by the judge of the Municipal Court are stated in the opinion.   After finding for the defendant, he reported the action to the Appellate Division.   The report was ordered dismissed.   The plaintiff appealed.

*G. H. McDermott,* (*J. E. Nally* with him,) for the plaintiff.

*A. J. Santry,* (*R. Bancroft* with him,) for the defendant.

WAIT, J.   This case comes before us upon an appeal from an order of an Appellate Division dismissing a report of rulings and refusals to rule made by a trial judge. The trial judge found that the plaintiff had waived his right to claim damages for breach of a contract to deliver stock; and the chief contention of the appellant is that there was error in the finding in that it was not supported by the evidence.   The contention is not open to him. The only matters brought before the Appellate Division by the report were the propriety of rulings with regard to the interpretation of the contract and the legal effect of failure on the part of the defendant to deliver stock at the time fixed by the contract.   All the requests were rendered immaterial by the finding of waiver.   The question of waiver is one of fact.   *Fox* v. *Harding,* 7 Cush. 516, 520. *Farlow* v. *Ellis,* 15 Gray, 229, 231, 232.   *Donovan Motor Car Co.* v. *Niles,* 246 Mass. 106, 107.   Its determination was for the trial judge; and there is no appeal from his finding of fact.   If the plaintiff desired to raise the question of law, whether the evidence would support a finding of waiver, he should have presented a request for a ruling and asked a report to that end.   This he did not do. Neither by request for ruling nor motion for finding in

regard to waiver did he obtain a determination of law distinct from a finding of fact. The law is settled that in such a case there is no ground for exception, and nothing for an appellate tribunal to pass upon. *Keohane, petitioner,* 179 Mass. 69. *Richards* v. *Appley,* 187 Mass. 521. *New Bedford Cotton Waste Co.* v. *Eugen C. Andres Co.* 258 Mass. 13. The order of the Appellate Division was correct; and it is

*Affirmed.*