DAVID LENDER *vs.* GERTRUDE LONDON & another, trustees, & others.

Suffolk.     February 9, 1934. — March 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Practice, Civil,* Findings by judge, Exceptions.

An action of contract in the Superior Court for an amount alleged to be due for the installing by the plaintiff of heating apparatus for the defendant was heard by a judge without a jury, and he filed a statement of findings respecting allowances to the defendant in accordance with contract provisions. The following day the defendant filed a claim of exception to "the ruling" of the judge in such statement to the effect that the defendant was "entitled only to the sum of $400 by reason of a shortage of one thousand square feet of low radiation." The evidence was not reported in the bill of exceptions. *Held*, that the exception related merely to a finding of fact, and brought no question of law before this court.

CONTRACT. Writ dated July 31, 1930.

In the Superior Court, the action was heard by *F. T. Hammond*, J., without a jury. Material evidence and findings by the judge are stated in the opinion. There was a finding for the plaintiff in the sum of $2,307.07. The defendant alleged exceptions.

*J. C. Johnston*, for the defendants.

*E. Miller*, (*S. Miller* with him,) for the plaintiff.

RUGG, C.J. This is an action of contract. There are two counts in the declaration, one upon an account annexed in which two items were for installing heating systems in designated houses "as agreed," the other for a balance due on a *quantum meruit* for materials furnished and work performed. The trial judge, after having filed a statement of findings and rulings not now before us, filed later a supplementary statement of findings. In brief, those findings were to the effect that the parties entered into two contracts in writing as to installing heating systems in certain houses, and that the plaintiff substantially performed those contracts in good faith and was entitled to recover on a *quantum meruit* the contract price less deductions for omissions or corrections, and less also "an allowance provided for by the contract because the amount of radiation installed fell short of the amount which formed the basis of the contract price," being four hundred feet in one group of houses and six hundred feet in another group of houses. He fixed this allowance at $400 covering both contracts.

On the day following the filing of these supplementary findings, the defendants filed a claim of exceptions to "the ruling" of the judge in these findings to the effect that the defendants "were entitled only to the sum of $400 by reason of a shortage of one thousand square feet of low radiation." This exception relates to a finding of fact. It is so described by the trial judge. The evidence on which it was made is not reported. It is impossible to revise or reverse it. It was not a ruling of law. No exception lies to a simple finding of fact. *Vinal* v. *Nahant*, 232 Mass. 412, 419. *Porter* v. *Porter*, 236 Mass. 422, 425. *Zussman* v. *Goldberg*, 254 Mass. 486.

The defendants base their argument on a clause in each contract that if less than the required radiation be installed a *pro rata* allowance from the gross price should be made. This question is not open on the record. It must be presumed that there was sufficient evidence to warrant the finding. No requests for rulings are printed in the record or are before us. If a party wishes to save a question of law upon the evidence, he must do so prior to the end of the trial. It cannot be raised for the first time after the decision is made. It is then too late to except to a finding. *Keohane, petitioner*, 179 Mass. 69. *Richards* v. *Appley*, 187 Mass. 521. *Reid* v. *Doherty*, 273 Mass. 388.

There is grave doubt whether the bill of exceptions was allowed in conformity to law and whether it ought not to be dismissed. *Barnard Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148. *Herbert* v. *G. E. Lothrop Theatres Co.* 273 Mass. 462. Since the practical result to the defendants is the same, there is no objection to deciding the case on its merits.

<div align="right">

*Exceptions overruled.*