ALBERT A. STOWELL *vs.* H. P. HOOD & SONS, INC.

Middlesex.     December 10, 11, 1934. — December 13, 1934.

Present: CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Exceptions: what contentions open; Findings by judge.

A party at the hearing of an action at law in the Superior Court by a judge without a jury, who wishes to raise the question, whether a certain finding is warranted by the evidence, must request a ruling

at the hearing before closing arguments, as prescribed by Rule 71 of the Superior Court (1932), and cannot raise the question solely by an exception to the general finding or decision, taken after the finding is made.

CONTRACT.  Writ in the First District Court of Eastern Middlesex dated November 28, 1933.

On removal to the Superior Court, the action was heard by *Walsh*, J., without a jury, who found for the plaintiff in the sum of $686.25.  An exception alleged by the plaintiff is described in the opinion.

*E. J. Bushell*, for the plaintiff.

*F. W. Crocker*, for the defendant.

LUMMUS, J.  In this action of contract the judge, sitting without a jury, found for the plaintiff in an amount less than that claimed.  His exceptions to the denial of requested rulings cannot be considered, because they do not appear in the bill of exceptions.  He excepted also to the "finding . . . and decision of the court," and seeks to support his exception on the ground that the evidence did not warrant the finding that no more was due.

Prior to modern rules providing that "The question whether the court should order a verdict shall be raised by a motion, and not by a request for instructions" (Rule 71 of the Superior Court [1932]), when a judge submitted a case to a jury under instructions which permitted a verdict not warranted by the evidence, the instructions were necessarily erroneous though abstractly correct, and the error could be corrected upon an exception taken at the end of the charge.  The mere submission implied an erroneous instruction that such a verdict might be found.  *Brightman* v. *Eddy,* 97 Mass. 478.  *McCreary* v. *Boston & Maine Railroad*, 153 Mass. 300, 308.  In such a case it is to be noticed that the exception was taken before the consideration of the facts began.

When the judge acts in the place of judge and jury, as in the present case, his consideration of the case upon the facts and his finding may likewise involve a ruling of law that such a finding is warranted by the evidence.  But a party wishing to raise the question whether such a finding is war-

ranted by the evidence must request a ruling at the trial, before the judge takes the case under consideration on the facts, and within such time as may be prescribed by rule (see Rule 71 of the Superior Court [1932]), and cannot raise the question by an exception to the general finding or decision taken after it is made. *Ames* v. *McCamber*, 124 Mass. 85, 91. *Keohane, petitioner*, 179 Mass. 69, 73. *Richards* v. *Appley*, 187 Mass. 521, 522, 523. *Reid* v. *Doherty*, 273 Mass. 388. *Breen* v. *Burns*, 280 Mass. 222, 227, 228. *Parker* v. *Levin*, 285 Mass. 125, 129. *Lender* v. *London*, 286 Mass. 45, 47. *Matter of Keenan*, 287 Mass. 577, 580.

*Exceptions overruled.*