Bolster, C. J.
In this ease, goods of the plaintiff were, at the plaintiff’s order, loaded by a public warehouse, in which they were stored, into a car of the defendant which stood on a spur track within the warehouse. The car doors were sealed, by the warehouse company, which then presented to and received from the defendant, at its freight office, located about 1000 feet from the warehouse, a bill of lading which reads, in its essential parts, “Received of (the plaintiff) 500 cartons cigarettes, consigned to First National Stores — Somerville—Car No. 64857 — .prepay charge R. JVReynolds Tob. — .Winston-Salem—N. C. — S. L. & 0.” Thereafter, the car was broken into and 384 cartons, to the value of $17,680.16, were stolen. The theft was discovered and the seals found broken when the defendant’s shifting engine and crew came to remove the car, in accordance with a custom which allowed the defendant to pick up¡ the car at its convenience. The warehouse doors had been locked at 6 P. M. and it had been the practice for the railroad crew to gain access by summoning the watchman of the warehouse company to open the doors. The court took a view of the premises. Whether the “seals” on the ears had any *84 thing about them which indicated continued control by the warehouse, or substituted control by the defendant, does not appear.
The court has found that possession, with the attendant duty of care, had passed to the defendant, whose argument here has chiefly been that such finding could not be made and was tainted by error. The defendant asked the court to rule that there must be delivery and acceptance, constituting possession, to make the defendant liable. The court said, in effect, “I agree, but constructive possession will serve.” He also ruled, with the same qualification, that delivery to charge a carrier is not complete until the carrier has actual and exclusive possession of the goods. The defendant did not ask a ruling that evidence did not warrant a finding of possession by the defendant, cf. Richards v. Appley, 187 Mass. 521. Reid v. Doherty, 273 Mass. 388. The defendant does not in its argument here attack the qualification which the judge added. Actual physical possession and constructive possession are like possession in the eye of the law and possession, like many other issues, is primarily a question of composite fact, to be found or not found on all the evidential subsidiary facts and inferences therefrom. Possession, in this connection, is about the same as custody. It does not reach into the field of possession as a legal concept. In that light, had the omitted request been made, the inquiry would be, not whether the finding of possession arising out of delivery and acceptance was right, but whether it was one which could be reasonably made upon the evidence. The question is not to be settled by particular subsidiary facts such as are listed as determinative in the ninth and tenth requests, cf. Caruso v. Shelit, 282 Mass. 196, 200. As we read the defendant’s brief, the position now taken is that while constructive possession may be as *85 good as actual custody, the judge erred when he went further and said, “Such (constructive possession, for example) as is acquired by delivery by the shipper at such a place and in such a manner as the carrier actually or by implication has agreed to receive the goods.” We do not look on this as a ruling, or as an implied finding of any particular fact as necessary or determinative, but only as an explanatory illustration, professedly not exhaustive, of what the antecedent statement about constructive possession meant. It falls far short of saying, “I find the facts in the illustration,” assuming that under the rule of Reid v. Doherty the defendant could now successfully challenge such findings. We decline to treat this case at large, when nothing is reported but specific rulings.
To the argument that the bill of lading is only an agreement to receive, the short answer is that it does not say so. It is a present receipt and a carrier’s contract.
'One of the subsidiary facts bearing on the issue of possession is that the freight was not prepaid. But the defendant came to the warehouse, not with a freight bill for the plaintiff in North Carolina, but with an engine and train crew. The court could find that the notation “prepay charge” meant only that the charges were not to be collected from the consignee, and that actual prepayment was waived, cf. Reid v. Doherty, supra.
This is not, by its terms, a report of “a casé,” but of rulings. Much of the defendant’s argument is irrelevant. We find no prejudicial error in the way the judge dealt with the requests.
Report dismissed.