Pettingell, J.
Tort for personal injuries received by the plaintiff when the automobile in which he was a passenger collided with a tree. The declaration is in two counts, one alleging gross negligence by the defendant in the operation of the automobile, and the other alleging a violation by the defendant, as such operator, of G. L. (Ter. Ed.) C. 89.
The evidence in the case was conflicting, both as to the identity of the operator and the manner of operation. If the evidence offered by the plaintiff was believed, a finding of fact was warranted that the defendant was the operator of the car and that his operation was grossly negligent. If, on the other hand, the defendant’s evidence was believed, the plaintiff was the operator of the car at the time of the accident. The report states that it contains all the evidence material to the questions reported. There was a finding for the plaintiff.
*595 The error alleged is the denial of the following rulings requested by the defendant.
1. The plaintiff has not sustained the burden of proving by a fair preponderance of the evidence that the defendant was guilty of gross negligence.
2. The plaintiff was not in the exercise of due care.
3. The Court is warranted in finding for the defendant.
4. The plaintiff has not sustained the burden of proving by a fair preponderance of the evidence that the defendant was operating the automobile.
5. Upon all the evidence the plaintiff was operating the automobile.
6. The mere fact that the plaintiff testifies that the defendant was the operator of the automobile is not sufficient to sustain a finding when upon disinterested testimony the plaintiff was taken from behind the wheel of the automobile.
7. If the Court shall find that the plaintiff drank liquor with the defendant and then went riding with him, he was not in the exercise of due care and cannot recover in this action.
8. The mere fact that the automobile went off the road and hit a tree and at some distance prior to the accident was traveling fast is not sufficient to support a finding of gross negligence.
Of these rulings requested and denied, several are plainly requests for findings of fact which the judge was under no compulsion to make. Davis v. Boston Elevated Railway, 235 Mass. 482, at 494; Castano v. Leone, 278 Mass. 429, at 431; Larson v. Jeffrey-Nichols Motor Co., 279 Mass. 362, at 368; Ashapa v. Reed, 280 Mass. 514, at 516; Crowninshield Shipbuilding Company v. Jackman, 283 Mass. 21, at 22. This is true as to the first and fourth, which involve the burden of proof; Cray v. Wells-Holmes Co. Inc., 258 Mass. 93, at 97; Holton v. Denaro, 278 Mass. 261, at 262; Hill v. The Creditors National Clearing House, Inc., 289 Mass. 437, at 441; as to the second, which deals with due care; Rogers v. Phillips, 206 Mass. 308; McGuig *596 gan v. Atkinson, 278 Mass. 264, at 266; Mahoney v. Norcross, 284 Mass. 153; and, as to the fifth and sixth, which involve the fact of credibility; Simonson v. Angell, 256 Mass. 256, at 257; Engel v. Checker Taxi Co., 275 Mass. 471, at 475, 476; Gladstone v. Aronson, 277 Mass. 163, at 165; MacDonald v. Adamian, Mass. Adv. Sh. (1936) 851, at 854.
There is no error in the denial of the seventh ruling, the judge having found as fact that the defendant’s condition was not such that it was clear and obvious that he was incapable of driving the car. Bertera v. Cuneo, 273 Mass. 181, at 183; Skudris v. Williams, 287 Mass. 568, at 572. The denial of the eighth was proper, as it related only to selected portions of the evidence. Tonsman v. Greenglass, 248 Mass. 275, at 278, 279; Winchester v. Erickson, 281 Mass. 210, at 213; Ledoux v. Perry, 284 Mass. 365, at 366; Dillon v. Framingham, 288 Mass. 511, at 514.
There remains for consideration the third ruling requested and denied, that “The Court is warranted in finding for the defendant.” . This ruling .should have been given. There was evidence before the court, which, if believed, warranted a finding for the defendant. At the stage of the trial at which this ruling was requested, the question of credibility was not before the Court. The trial judge, in his dual capacity of judge and jury, was requested, as judge, to instruct himself, as jury, that such evidence existed. As judge, he should have ruled that it did. As was said in Hillyer v. Dickinson, 154 Mass. 502, at 504, “The question whether there is evidence which should properly be submitted to the jury is sometimes a very nice one, since the court is not at that stage of the proceedings to pass upon the weight of the evidence but only to determine whether there is any evidence sufficient to go to the jury.” Credibility is a matter of *597 fact .and is a part of. the function of the jury side of the trial judge. The passing upon the existence of evidence is one of his law functions; he cannot deal with credibility until as judge he has ruled that such evidence exists; as jury, he then passes upon its weight and credibility.
The granting of such a request does not, however, require a finding in favor of the party making the request. A finding one way or the other may be warranted as matter of law, but not required as matter of law. First National Bank of Boston v. Sheridan, 285 Mass. 338, at 339; Topjian v. Boston Casing Co. Inc., 288 Mass. 167, at 168.
The denial of the particular ruling, under all the circumstances of the case, was not prejudicial error. No issue of law appears in the case which is affected by the denial. The record presents only questions of fact. The specific findings of the trial judge as to due care and gross negligence, made the ruling requested “irrelevant,” Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, at 2301. There is no uncertainty as to the principle of law upon which the plaintiff’s finding was based, as there was in Amor v. Goyette, Mass. Adv. Sh. (1936) 1057, at 1058, 1060. The actual and only issue in the case was that of credibility. If the trial judge had given the ruling requested, it is apparent that he would have still found as fact that the plaintiff was in the exercise of due care and that the defendant was grossly negligent. Antokol v. Barber, 248 Mass. 393, at 398.
It is to be noted that no appropriate ruling was requested which raised the issue of the sufficiency of the evidence to warrant a finding of gross negligence. In the absence of such a request, that issue is not now open to the defendant. Keohane, Petr., 179 Mass. 69, at 72, 73; Richards v. Appley, 187 Mass. 521, at 522; Reid v. Doherty, *598 273 Mass. 388, at 389, 390; Segal v. Allied Mutual Lia. Ins. Co., 285 Mass. 106, at 109; Lender v. London, 286 Mass. 45, at 47; Stowell v. H. P. Hood & Sons Inc., 288 Mass. 555, at 556, 557.
No prejudicial error appearing, the report is to be dismissed. Larson v. Jeffrey-Nichols Motor Co., 279 Mass. 362, at 368; Gibbons v. Denoncourt, Mass. Adv. Sh. (1937) 1087, at 1094.