Zottoli, J.
In the matter of plaintiff’s petition to establish report.
*215 The question before this division is whether this petition ought to be allowed. The procedure by petition, as in the analogous case of a petition to prove exceptions, is strictissimi juris.. John Henry Co., Petr., 222 Mass. 182. It has been well said that “all necessary requirements must be observed. The purpose of such a petition is to set up, as substantially correct, a draft report which the trial judge ought to have allowed.” Freedman, Pet’r., 222 Mass. 179. Lord v. Nelson, No. 241004 of 1931, Municipal Court of the City of Boston (36 App. Div. 79). It is apparent from reading this petition that at least two vital requirements are lacking. One of the most essential requisites is that the petition must allege that the recitals of the draft report are true, and that allegation, with the rest, must be fortified by an oath. Nowhere in this petition is that allegation to be found. The petition does state that “the plaintiff’s draft report as filed contained a true and accurate recital of the issues involved.” This allegation is not the equivalent of an allegation that the recitals of the draft report are true. The petition, for this reason alone, is fatally defective and should not be granted. There is another obstacle in the path of the granting of this petition which is equally fatal. The jurisdictional field of the Appellate Division (with certain exceptions created by the Acts of 1931, Ch. 325, sec. 1, not pertinent to the question under inquiry) embraces only questions of law, duly saved by compliance with the requirements laid down by our statutes. Only “rulings on matters of law” may be reported. Duggan v. Matthew Cummings Co., 277 Mass. 445, 449. Schon v. Odd Fellows Bldg., Asso., 255 Mass. 465, 467. Gen. Laws (Ter. Ed) Ch. 231, section 108. No one can have a report of rulings, as of right, unless they are founded on objections duly saved, cf. Monradian v. Giblin, 254 Mass. 478. Mantho v. Nelson, 285 Mass. 156. And no one can have a *216 report, as of right, .unless he duly files a request for a report, or a draft report, which sets out the rulings complained about so that they may be properly identified. Stafford v. Commonwealth, 263 Mass. 240. Rollins v. Perry, 284 Mass. 488. Implied rulings are not reviewable.; “From the beginning of Appellate Practice in 1912, there has been a rule that requests for rulings should be in writing and filed before closing arguments. This was to stop the attempt to argue on implied rulings.” cf. Keohane Petr., 179 Mass. 69. Richards v. Appley, 187 Mass. 521. Reid v. Doherty, 273 Mass. 388. Holton v. American Prod. Corp., 274 Mass. 268. The draft report sought to be established seeks a review of the court’s “finding.” Whether a party is entitled to have findings reviewed depends on whether he has made the issue a question of law. It is too late to except to a finding after it has been made, unless a proper foundation has been laid for the exception before final argument. New Bedford Co. v. Eugene Andress Co., 258 Mass. 13, 15. Reid v. Doherty, 273 Mass. 388, 389. Lender v. London, 286 Mass. 45. It appears from the plaintiff’s “draft report” that no ruling of law was presented to, or made by, the court. Under the circumstances disclosed by the plaintiff’s petition, the court’s “finding” is not reviewable on appeal.
Petition denied.