No. 156745 Municipal Suffolk, ss.

IOZZA (E. L. R. Lavalle)
v. ITALIAN SOCIETY OF THE PRECIOUS BLOOD
 OF JESUS CHRIST OF PAROLISE OF BOSTON,
 MASS., INC., and THE BOSTON FIVE CENTS
 SAVINGS BANK, trs.
 (Russell D. Greene, Fosdick P. Harrison)
 From the Municipal Court of Boston—Keniston, J.
 Argued Sept. 29, 1941—Opinion filed Dec. 15, 1941

GILLEN, J. (Putnam, C. J., ad Carr, J.)—This is an action of contract by a member of a Mutual Benefit Society to recover disability benefit compensation as provided by the By-laws of the defendant.

The plaintiff was a member of the defendant Society. On August 23, 1940, he was injured. On September 23, 1940, he gave the defendant society a doctor's certificate of his injury and disability and was paid four weeks' compensation. Thereafter he asked for further disability payments which were refused unless he produced a doctor's certificate of his disability. He failed to furnish any doctor's certificate other than the one given on September 23, 1940.

The defendant society from its inception had annually elected a Society Doctor. At the annual meeting of December, 1939, it failed to elect said doctor. It had no Society Doctor at the time of plaintiff's injury nor thereafter during the plaintiff's disabiilty.

[ 28 ]

The trial judge found for the defendant, and made the following finding: I find that the defendant failed to have a Society Doctor elected as provided in the By-Laws and had no Society Doctor at the time the plaintiff's disability occurred, that this relieved the plaintiff of having a doctor's certificate validated by the Society Doctor but did not relieve him of the condition of showing a doctor's certificate to the head committee as provided in Article 23 of the By-Laws of the defendant."

The plaintiff urges that as no Society Doctor was elected that the defendant by this failure to elect waives any claim to hold the palintiff responsible for the production of a certificate approved by the Society Doctor. But the plaintiff does not raise this issue by any request for a ruling of law. *Reid* v. *Doherty*, 273 Mass. 388.

As the trial judge did not find that Article 24 provides that no medical certificate is valid unless itw as issued by the Society Doctor but on the contrary found a medical certificate by any doctor would be valid even if it was not validated by the Society Doctor, [as one had not been elected] there was no error in the denial of request for ruling No. 3. It is premised on a finding of fact not made by the trial judge.

The order is Report dismissed.