JAMES B. RENDLE CO. *vs.* CONLEY & DAGGETT, INC.

Essex.   May 5, 1943. — May 11, 1943.

Present: FIELD, C.J., QUA, DOLAN, & COX, JJ.

*Contract*, Building contract.   *Pleading, Civil*, Declaration.

In an action by a contractor upon an account annexed, the plaintiff, upon proof of the performance of work for the defendant under a contract providing for payment at a fixed hourly rate, was not limited, either on the evidence or "upon the pleadings," to recovery "for only the fair market value" of the work.

CONTRACT.   Writ in the District Court of Southern Essex dated July 24, 1941.

The action was heard by *Kiely*, J.

*R. E. Johnston*, for the defendant.

*M. R. Flynn & J. F. Maher*, for the plaintiff, submitted a brief.

FIELD, C.J.   This action of contract on an account annexed for work and materials was brought in a District Court.   The account included items for "Crane" for enumerated hours on various dates at $12 an hour, items for labor of men, and some miscellaneous items.   The trial judge denied several requests for rulings made by the defendant, made specific findings of fact and found for the plaintiff.   He made a report stating that the "defendant claiming to be aggrieved by the denial of its requests for rulings and the refusal of the court to rule as requested, and by the court's findings, I hereby report the same to the Appellate Division for determination."   The report was dismissed by the Appellate Division and the defendant appealed to this court.   A finding of fact is not a proper subject of a report.   *Reid* v. *Doherty*, 273 Mass. 388, 389–390.   *Lender* v. *London*, 286 Mass. 45, 47.   *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555.   *Sreda* v. *Kessel*, 310 Mass. 588, 589.   The findings of fact cannot be reversed on this appeal.   *McKenna* v. *Andreassi*, 292 Mass. 213, 215.

All six of the defendant's requests for rulings were denied, of which two (requests numbered 5 and 6) were waived. Requested ruling numbered 1 was as follows: "That upon all the evidence in this case the plaintiff is entitled to recover for only the fair market value for the use of the crane and the work and labor of the operator and oiler of the crane." Requested ruling numbered 2 was the same except for the addition at the end thereof of the words "and only for when the crane was in operation in digging." Requested ruling numbered 3 was the same as requested ruling numbered 1, and requested ruling numbered 4 was the same as requested ruling numbered 2, except that in each instance the words "upon the pleadings" were substituted for the words "upon all the evidence." There was no error in the denial of these requests.

The evidence was conflicting and need not be recited in detail. There was evidence, however, that the defendant employed the plaintiff to dig or redig an "excavation" using a crane, that the parties agreed that "the total charge . . . for digging would be at the rate of $12.00 per hour," that is, evidence that there was a contract for a fixed price per hour, and there was evidence that "all of the work and materials claimed by the plaintiff in this action were performed and used." On the other hand, it does not appear that there was any agreement as to the length of time in which the work was to be performed or as to the total amount of the charge to be made therefor. And there was evidence tending to show that the plaintiff spent an unnecessarily long time in doing the work.

It could not have been ruled "upon all the evidence" that recovery by the plaintiff was limited to the "fair market value" of the work performed. Whatever other elements entered into the determination of the amount to be recovered, it could not have been ruled that this amount was not to be determined upon the basis of a fixed price per hour, whether or not such price per hour was the "fair market value" per hour of the work performed or whether or not the aggregate price so determined was the "fair market value" of the entire work performed. Requests

numbered 1 and numbered 2 called for such rulings and these rulings could not rightly have been given.

The defendant relies primarily upon a statement in *Beverly Hospital* v. *Early*, 292 Mass. 201, 203, an action on an account annexed, that "the issue is, What is the service worth? The quality as well as the quantity of the service is open as a part of the plaintiff's case." This statement of the issue is not applicable where, as could have been found here, there was a contract for a fixed price. It was carefully pointed out in that case that the "bill of exceptions discloses no contract for a fixed price." Page 202. See page 204. See also *Sayles* v. *Quinn*, 196 Mass. 492. It is unnecessary to consider to what extent the statement is applicable to elements of the plaintiff's case other than the fixed price per hour, such, for example, as the length of time for which recovery could be had at such fixed price. But it cannot be applied to preclude the plaintiff from recovery upon the basis of a fixed price per hour if a contract for such a fixed price is shown, and the requested rulings, if given, would have had that effect.

Requests for rulings numbered 3 and 4 were rightly denied for like reasons. There is nothing in the nature of an action on an account annexed to preclude recovery in such an action for work performed under a contract for a fixed price. *Egan* v. *Massachusetts Bonding & Ins. Co.* 266 Mass. 270, 273, and cases cited. No question other than the propriety of the denial of the requests for rulings is presented by the report.

*Order dismissing report affirmed.*