KENISTON, C. J.
This is an action of contract to recover damages for breach of contract to do certain painting and papering according to an alleged written contract. The answer is general denial and payment.
The alleged contract upon which the action is based is an offer by the defendant to whiten the ceilings, do the outside and inside painting, furnish and hang the wall paper and finish the floors and doors of a certain house. It does not appear that the offer was ever accepted by the plaintiff. However, the case was tried on the theory that a contract was entered into in accordance with the offer and we so consider it.
There was evidence from which it could be found that the offer was sent by the defendant to the plaintiff on August 1, 1950; that on August 14 the defendant reported to work but the job was not ready; that he reported with an assistant and painted the outside of the house on August 14 and 15; that he was held up on the job by waiting for the carpenters to put up the shingles ahead of him, to insulate the sashes and hang the doors; that he told the plaintiff he could not continue to do the job that way and to call him next week when they would be ready and he could finish the job. The plaintiff did not call the defendant again until September 26, 1950; that the plaintiff then told the *[120] defendant that the house had to be done by October 1, 1950; that the defendant told the plaintiff he could do it in that short time; that the plaintiff said he could have the job done for $274. and the defendant told him, “if you can do it go ahead”. The defendant did not complete the painting and papering.
The plaintiff filed certain requests for rulings, all of which were granted except the request numbered 2 that “The evidence does not warrant a finding for the defendant” which request was denied. The court made the following findings of facts: “I find that the defendant was ready to perform the contract but that the plaintiff failed to make the building ready for painting in a reasonable time and thereby excused performance”, and found for the defendant.
The plaintiff claims to be aggrieved by the denial of request numbered 2, by the findings of facts and by the finding for the defendant.
The plaintiff is not aggrieved by the findings of facts nor by the finding for the defendant. Baker v. Davis, 299 Mass. 345, 348; Reid v. Doherty, 273 Mass. 388, 389; MacDonald v. Adamian, 294 Mass. 187, 190; Winchester v. Missin, 278 Mass. 427, 428. The only question properly raised by this report is the denial of request numbered 2. There was no error in denying this request, which is in effect a request for a ruling that on all the evidence a finding, for the plaintiff is required. Hoffman v. Chelsea, 315 Mass. 54, 55. The request comes under rule 28 of this court and, as there were no specifications, it was-properly denied. Okin v. Sullivan, 307 Mass. 227, 228. Moreover, there was ample evidence to warrant the special findings of facts of the trial judge and the finding for the defendant.
It can seldom be ruled as a matter of law that the evidence requii'es a finding for the plaintiff. Hoffman v. Chelsea, 315 Mass. 54, 56; Winchester v. Missin, 278 Mass. 427, 428.
The plaintiff in his brief and oral argument contends that the evidence of the defendant should be discredited and contradictory evidence of the plaintiff should be believed and asks this Division to reverse the finding of the trial court for the defendant and enter a finding for the plaintiff. No such power is. conferred upon this Division by c. 321, § 108. We cannot pass upon questions of fact, James B. Rendle *[121] Co. v. Conley & Daggett, Inc. 313 Mass. 712; Perry v. Hanover, 314 Mass. 167, 169, but only upon questions of law properly raised by requests for rulings and reported by the trial judge. Reid v. Doherty, 273 Mass. 388. We review questions at large upon the evidence and make findings contrary to that of the trial judge. Loanes v. Gast, 216 Mass. 197, 199; McKenna v. Andreassi, 292 Mass. 213, 215.
John Anastasi, attorney for plaintiff.
David H. Kimmel, attorney for defendant.

Report dismissed.