*Municipal Court of the City of Boston*

No. 378622

**BOND BROS., INC.**

v.

**SIMON A. GEORGE**

(February 25, 1955)

*Adlow, C. J.* Action of contract brought by Bond Bros., Inc., a contractor, to recover damages from Simon A. George, a sub-contractor, for failure to furnish iron and steel on a construction project performed by the contractor for the Metropolitan Transit Authority at the Beachmont Rapid Transit Station in Revere, Massachusetts.

There was evidence that by letter dated May 8, 1953 the defendant submitted the following proposal to the plaintiff:

"We quote the sum of $16,540.00 for which we will furnish and deliver the miscellaneous iron and steel to the job site, as called for by plans and specifications, Sec. 7, page 70 and 71.

We include the necessary shop drawings, a shop coat of paint and the erection of the following items: Steel stairs, pipe railing, picket fences and window guards.

We do not include the non-slip composition rubber treads.

Very truly yours,

QUINCY ORNAMENTAL IRON WORKS<br>Simon A. George"

There were conflicting versions with respect to the events which followed the submission of this offer. For the plaintiff there was evidence to the effect that on or about July 6, 1953, one Foster, an employee

of the plaintiff, called the defendant and advised him that he had been awarded the contract. The defendant denied that he had ever received such a call, and further testified that on June 16, 1953 he was told by the aforementioned Foster that "he was out of the running on the Metropolitan Transit Authority job".

The defendant further testified that on August 7, 1953, while he was at the office of the plaintiff, and making inquiries about another job, an agent of the plaintiff handed him a document dated June 30, 1953, which purported to be a contract between the plaintiff and the defendant covering the iron work on the Metropolitan Transit Authority job, and which he requested the defendant to sign. On this occasion the defendant informed the person making this request that he understood that the matter was called off on June 16, 1953 and stated, "I don't want it now." Other evidence material to issues raised by this report will appear in the opinion.

At the close of the evidence the court (*Gillen, J.*) properly ruled, in accordance with a request of the plaintiff, that the completion of the formal written contract, tendered to the defendant for signature on August 7, 1953, was not an indispensible prerequisite to the plaintiff's right to recover. (Plaintiff's Request No. 12.) *Duggan v. Mathew Cummings Co.*, 277 Mass. 445. The court also ruled, as requested by the plaintiff, that there was sufficient evidence to warrant a finding that the plaintiff and defendant entered into a building contract concerning miscellaneous iron and steel work, as called for by the plans and specifications of Section 7, pages 70 and 71, for the Beachmont Rapid Transit Station of the Metropolitan Transit Authority. (Plaintiff's Request No. 2.)

Having ruled as a matter of law that there was evidence to warrant a finding that a contract was made, the court found as a fact to the contrary. The evidence permitted such a conclusion. Whether

the offer of May 8, 1953 was ever accepted depended on which version of the evidence the court believed. Apparently, the court believed that of the defendant.

The plaintiff requested the court to rule that the defendant's letter of May 8, 1953 was an offer which the plaintiff duly accepted. (Plaintiff's Request No 3.) While there may be situations where the facts are undisputed, and the question whether a contract is made presents a question of law. *Loring v. Boston,* 7 Met. 409, the situation presented by this report involves conflicting evidence with respect to whether or not the defendant's offer was accepted. As such it raises a question of fact and the court's finding with respect to it is conclusive. *Dolham v. Peterson,* 297 Mass. 479, 481.

The court found as a fact that the alleged acceptance of July 6, 1953 did not take place. While the court made no specific finding with respect to the alleged advice of Foster to the defendant on June 16, 1953 that "he was out of the running on the M.T.A. job", the general finding for the defendant imports a finding of all the subsidiary facts necessary to support it. *Moss v. Old Colony Tr. Co.,* 246 Mass. 139. *McDonald v. Adamian,* 294 Mass. 187, 190, 191. A finding for the defendant was consistent with the court's acceptance of that portion of the defendant's evidence which concerned the conversation with Foster on June 16, 1953 when he was told that "he was out of the running on the M.T.A. job". This communication would suffice to constitute a rejection of the offer of May 8, 1953. Restatement, Law of Contracts, §§36, 37; Langdell, Summary of the Law of Contracts, 2nd Ed., Pp. 22-23; Hyde v. Wrench (1840), 3 Beavan 334. A finding for the defendant was also consistent with the court's acceptance of the evidence produced by the defendant to the effect that by a usage in the trade it was customary for an offer to remain open for only a thirty day period. On this basis the offer of May 8, 1953 terminated

by the mere lapse of time. *Thayer v. Middlesex Mut. Fire Ins. Co.*, 10 Pick. 326, 331.

Aside from these considerations we must not overlook the finding of fact made by the court with respect to the formal document handed to the defendant for signature on August 7, 1953. The finding to the effect that this document contained many provisions not embodied in the offer of May 8, 1953, was warranted by the evidence. While the plaintiff filed no requests for rulings of law concerning the sufficiency of the evidence to support such a finding. *Richards v. Appley*, 187 Mass. 521. *Reid v. Doherty*, 273 Mass. 388, it is appropriate to point out certain obvious differences between the offer and the alleged acceptance. An offer "to furnish and deliver the miscellaneous iron and steel to the job site, as called for by the plans and specifications, Section 7, pages 70 and 71" is hardly an offer

"a.    To be bound to the Contractor by the terms of the Agreement, General Conditions, Drawings, and Specifications, and to assume toward him all the obligations that he by those documents assumes toward the Owner." This latter provision found in the document tendered to the defendant on August 7, 1953 should suffice to indicate the basis for the court's finding that this agreement varied the original offer and amounted to nothing more than a counter-offer. *Lawrence v. Rosenberg*, 238 Mass. 138, 141.

No error with respect to rulings of law or findings of fact appearing, the disposition must be

*Report dismissed.*

Walter R. Morris, for the plaintiff.

Louis A. George, for the defendant.