## EDMUND BINDON

v.

## METROPOLITAN TRANSIT AUTHORITY

(August 27, 1956)

*Roberts, J.* The plaintiff seeks to recover for personal injuries sustained as a result of being struck by a street car operated by the defendant. The answer is a general denial and alleged contributory negligence.

At the trial it was agreed that there was contact between the defendant's street car and the plaintiff and that at that time said street car was operated by the defendant's servant or agent.

*There was evidence tending to show that* at about 7:30 p.m., on or about the twenty-fifth of November, 1953, the plaintiff on foot, was crossing Beacon Street near Cleveland Circle in the Brighton district of Boston; that he was walking from west to east

(from the outbound car side to inbound to Boston car side) with the intention of crossing over the two sets of tracks onto the M.T.A. passenger platform to his auto which was parked on the easterly side of Beacon Street; that when he reached the street car stop on the west side he looked to his left and saw an M.T.A. street car proceeding in a southerly (outbound from Boston) direction; that he observed this car to be two or three hundred feet away to his left and beyond the next intersection; that he heard a car coming from the car barn, across the street and to the right of him; that he looked to his right and observed a northbound car (inbound to Boston) coming out of the street car barn on the tracks on the other side (easterly) of the street; that he stopped on the white line on the west side for this street car on the east side to pass, and when this street car stopped for traffic, the plaintiff took one step forward across the white line, and as he took the step, he looked over his shoulder to his left, and observed a street car (outbound from Boston) four feet away from him, on his left, bearing down on him. He tried to get out of the way by jumping back, but the right front corner of the street car hit him; that the section of tracks which he was crossing was at the passenger stop and that the area in between the tracks was filled in and covered with black top; that the time which elapsed between the time when he first observed the street car about two hundred or three hundred feet to his left and beyond the intersection and the time when he looked the second time and saw it about four feet away amounted to two or three seconds; that he knew it was the same street car because there was none in between.

A diagram was drawn on the blackboard in the courtroom and the plaintiff in his testimony indicated the position of the cars, the car tracks, the locus and the plaintiff's positions before, during and after the accident.

The court, by agreement of parties, took a view of the place and vicinity where the accident took place.

After the plaintiff rested, the defendant offered no evidence and rested.

At the close of the trial and before final arguments the plaintiff made the following requests for rulings:

1. On all the evidence the court is warranted in finding that the defendant was negligent.

2. On all the evidence the court is warranted in finding that the plaintiff was not guilty of contributory negligence.

3. On all the evidence the court is warranted in finding the verdict for the plaintiff.

4. The plaintiff is entitled to rely on the expectation that the operator of the defendant's street car would not fail to take reasonable precaution for his safety. *Hess v. Boston Elevated Railway,* 304 Mass. 535 at 538.

5. On the evidence it can be found that the operator of the defendant's vehicle saw or should have seen the plaintiff and nevertheless operated the vehicle at a speed that was greater than reasonable and proper under the circumstances and as a result thereof the plaintiff was struck and injured.

The trial court allowed the first four requests and denied the fifth request with the following statement: "The evidence here recited could be found, but I find as a fact that the plaintiff was contributorily negligent", and found for the defendant.

A finding is not a proper subject of a report. *James B. Rendle Co. v. Conley & Daggett, Inc.,* 313 Mass. 712; *Perry v. Hanover,* 314 Mass. 167-9; but the plaintiff argues that he has been prejudiced by the court's treatment of his fifth request for ruling. We cannot agree with this contention.

Clearly it could not be ruled that the plaintiff had sustained his burden of proving that the defendant's servant was negligent, *Liberatore v. Framingham,* 315 Mass. 538; *Strachan v. Prudential,* 321 Mass. 507; and in passing on the plaintiff's five requests the trial court made it abundantly clear that it understood the

applicable law and based the finding of contributory negligence on the evidence presented. *Horton v. Tilton*, 325 Mass. 79. Nor can it be contended that this trial court was inconsistent in its treatment of the plaintiff's fifth request. *Raytheon Mfg. Co. v. Indemnity Ins. Co. of No. Am.*, 333 Mass. 746; See: *Vieira v. Balsamo*, 328 Mass. 37.

All requests were rendered immaterial by the court's special finding of contributory negligence. *Reid v. Doherty*, 273 Mass. 388; *Soutier v. Kaplow*, 330 Mass. 448, 451. There is no merit in the plaintiff's contention that the trial judge did not comply with Rule 30, Rules of the Boston Municipal Court, in passing on the plaintiff's fifth request.

*Report dismissed.*

Philip A. Tracy of Boston, for the Plaintiff. cited as to Rule 30: *Barry v. Sparks*, 306 Mass. 81, 85 and *D'Addio v. Hinckley Rent Co.*, 213 Mass. 465, 469 as to defendant's failure to present evidence.

Charles McCarron of Boston, for the Defendant.