*Western District*

No. 172580

## WILLIAM D. CANFIELD

### v.

## WALTER SZLACHETKA

Argued: Dec. 7, 1966     Decided: Feb. 20, 1967

*Present:* Garvey, P.J., Moore, J. and Allen, J.

Case tried to *Sloan, J.* in the District Court of Springfield    No. 172580

*Moore, J.* This is an action of contract in which the plaintiff is suing to recover for legal services rendered to the defendant in reference to a petition in the Probate Court for Hampden County filed by the temporary receiver of his father's estate seeking the recovery of certain monies and the assets from the defendant and his brother and sisters.

The report contains in detail the evidence and testimony introduced at the trial of our instant case, much of which had to do with the proceedings in the Probate Court. The report does not show what the trial judge found as to the facts or what his ultimate finding was. It is only from the wording of the defendant's motion for a new trial that one is appraised of the finding which apparently was for the plaintiff in the sum of $400.

The report indicates that the real question involved is whether there was error because of an inconsistency on the part of the trial judge in finding for the plaintiff in the above amount despite that the claim for services was in the amount of $500 and that the defendant had paid the sum of $200 to the plaintiff. The application of this last payment was in dispute. The plaintiff claimed that of the said payment of $200, $100 was to him, the plaintiff, for services, and the other $100 was for the services of another counsel associated in the case to whom it was paid.

The defendant's motion for a new trial sets forth that a receipt was given by the plaintiff to the defendant in the sum of $200 signed by him. The defendant, in his brief, refers to this receipt as signed by the plaintiff and witnessed by the associate counsel. However, the copy of the receipt set forth in the report and made a part thereof does not indicate that the associate counsel signed as witness but indicates that he signed the receipt as a co-signer, indicating he had a financial interest in the amount involved in the receipt.

The amount of the general finding of the trial judge indicates that he inferred that the receipt was not given as a full payment of $200 to the plaintiff alone on his claim for services.

A general finding imports findings of subsidiary facts and the drawing of all rational in-

ferences essential to that conclusion. *Barttro* v. *Watertown Square Theatre, Inc.,* 309 Mass. 223, 224. *Kennedy Bros., Inc.* v. *Bird,* 287 Mass. 477, 484.

The defendant filed nine requests for rulings, all of which were for findings of fact which are not the proper subject matter for requests for rulings of law. *Soutier* v. *Kaplow,* 330 Mass. 448. However, as the trial justice allowed all of the defendant's requests except the third, we need only to consider the third request which was refused by the trial justice and was as follows:

> "3. There is evidence requiring the finding that the plaintiff as attorney for the defendant named as respondent in the aforesaid Bill of Complaint filed no pleadings attacking the sufficiency of the aforesaid Bill of Complaint."

This request also was for a finding of fact which is an improper subject matter for a request for a ruling of law and the denial of which does not constitute error. *Rendle* v. *Conley and Daggett, Inc.,* 313 Mass. 712.

There being no prejudicial error, the order should be: **Report Dismissed.**

WILLIAM D. CANFIELD
of Springfield for the plaintiff
JOSEPH A. NOWAK
of Chicopee for the defendant