Hurley, J.
This appeal is before the Appellate Division pursuant to Dist./Mun. Cts. R. A D. A, 8C. After review of the record of proceedings, we affirm.
A review of the procedural history of the case is necessary. The plaintiff brought suit alleging negligence and breach of warranty by the defendant in the preparation and sale of ground beef. The plaintiff claims that he broke a tooth *74 while eating the ground beef. At trial, after the close of the evidence, both sides filed requests for rulings of law. On June 20, 1994, the trial judge found for the plaintiff and awarded damages. The plaintiff’s requests were deemed waived in view of the finding. The defendant’s requests were denied. Judgment entered on July 11, 1994. Execution issued August 24, 1994. On July 19, 1994, the defendant filed a motion for a new trial and request for report and appeal to the Appellate Division. The motion for new trial was denied on August 3, 1994. On August, 26, 1994 the defendant filed a “motion to vacate the order for issuing execution and for stay and superseding of said execution” and a motion for further proceedings upon the claim for report and appeal. Both of these motions were denied on September 12, 1994. The notice of appeal from these denials was filed on September 19, 1994. An objection, Dist./Mun. Cts. R. A D. A, Rule 8A(b), was filed on September 28, 1994. On November 8, 1994, the objection was withdrawn. The parties thereafter stipulated that the appeal shall be transmitted to the Appellate Division pursuant to Dist/Mun. Cts. R. A. D. A, Rule 8C. Thereafter the defendant filed a statement that “[T]he issues presented by the appeal are raised solely by the pleadings.’[1] Transmitted with the papers pursuant to Dist./Mun. Cts. R. A. D. A, Rule 8C is a Petition to Establish Draft Report and Verification filed pursuant to Dist./Mun. Cts. R. Civ. P., Rules 64(c) (5) and 64(e).[2]
The defendant’s position is that the appeal to the appellate division is governed not by the new rules effective July 1, 1994, but by the provisions of Dist./Mun. Cts. R. Civ. R, Rule 64 since the ruling it contends is error (the denial of its requests for rulings) occurred prior to July 1, 1994. The petition to establish the draft report seeks to raise the issue that the trial judge was required to find facts since the requests for rulings were denied.
Judgment in this case did not occur until July 11, 1994. Dist./Mun. Cts. R. Civ. P., Rule 64(c) (1) (i) provides that the request for report “shall be filed with the clerk of the trial court within 10 days after entry of judgment.” Since the appeal in this case is from the judgment entered July 11, 1994, the appeal is governed by Dist./Mun. Cts. R. A. D. A. which became effective July 1, 1994. The issues raised by the denial of the defendant’s requests for rulings are reviewable by compliance with Rule 4 which requires a claim of appeal be filed within ten days after the entry of judgment. The notice of the court’s decision on the requests for rulings did not occur until July 11, 1994. The trial judge properly took no action on the request for report since it had no application to this case.
By their stipulation, the parties agreed that the plaintiff would take no action to enforce the execution issued August 24,1994 pending disposition of the appeal by this division. The defendant takes the position that the execution should not have issued since it had filed a Draft Report relying on G.L.c. 235 §16 and Dist./Mun. Cts. R. Civ. R, Rule 62. The trial judge ruled on the “motion to vacate the order issuing execution” that the execution had issued in proper fashion. We find no error since there was no appeal pending and the time for appeal pursuant to Dist./ Mun. Cts. R. A D. A, Rule 4(a) had expired.
By the combination of procedures followed by the defendant at the time of the July 1, 1994 change in the applicable rules for review in the appellate division it sought appeal of the denial of the following requests for rulings:
1. The evidence requires a finding for the defendant.
2. The evidence does not warrant a finding of causal relationship between the alleged incident and any specific injury.
3. The evidence does not warrant a finding of any foreign substance in the alleged product.
*75 4. The evidence does not warrant a finding of the presence of any substance one would not ordinarily expect to find in the alleged product.
5. The evidence does not warrant a finding of causal relationship between any alleged negligence and any alleged harm to the plaintiff.
6. The evidence does not warrant a finding of either negligence or breach of implied warranty on the part of the defendant.
The trial judge did not make findings of fact as provided in Dist./Mun. Cts. R. Civ. P., Rule 52. The general finding for the plaintiff imports the determination on these requests that the evidence did provide a sufficient basis for a finding for the plaintiff. The denial of the requests is not inconsistent with the general finding for the plaintiff. The denial of the negative warrants requests without findings of facts is not error. The denial of these requests means that the evidence warrants a finding for the plaintiff. By ruling on these requests in that fashion, the judge could weigh the evidence and find for either the plaintiff or the defendant. See Reid v. Doherty, 273 Mass. 388 (1930).
The petition to establish is denied. The appeal is dismissed. So ordered.

This statement appears to satisfy the last sentence of 8C(a) that no transcript or statement of the evidence is required in such circumstance.

The pre-July 1, 1994 procedure for such review by the Appellate Division.